(122 App. Div. 490.)

## BRAND v. NAGLE.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

1. BROKERS—RIGHT TO COMMISSION—PRINCIPAL'S REFUSAL TO COMPLETE CONTRACT.

Defendant employed plaintiff to procure a purchaser for certain real property at a specified price. Plaintiff secured a purchaser at that price, and defendant received a payment down, and signed a memorandum expressing the conditions of the agreement as to the terms and time of signing the formal contract; but at the agreed time she refused to sign the contract because the purchaser would not pay the water tax, which had then become a lien on the property. *Held*, that plaintiff was entitled to his commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94–96.]

2. SAME—ACTIONS—ABILITY OF PURCHASER—NECESSITY OF PROOF.

In an action for a commission for procuring a purchaser for real property, where it appeared that defendant accepted the prospective purchaser, with whom she made an agreement as to the terms and time of signing a formal contract, plaintiff is not required to prove financial ability of the purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 105.]

Miller, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by George Brand against Mary E. Nagle. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Charles S. Aronstam, for appellant.
John H. Steenwerth, for respondent.

RICH, J. The plaintiff appeals from a judgment dismissing his complaint at the close of his evidence on a trial in the Municipal Court. The defendant employed plaintiff to procure a purchaser for real property owned by her in Brooklyn for $9,200, agreeing to pay him for his services $100. Subsequently she reduced the sale price to $9,100, the same commission to be paid if a purchaser was procured. On March 15, 1907, the plaintiff brought the defendant and a prospective purchaser together, and a satisfactory agreement was made between them for the sale of the property for $9,100. The vendee paid $25, and the defendant signed and delivered the following memorandum:

"March 15, 1907.

"Received from Mrs. Burr the sum of $25, being part payment on house 723 Halsey St.; the purchase price being $9,100. Contract to be signed March 16, 1907, when $275 more is to be paid. Title to be passed May 1, 1907, when balance above a $3,000 mortgage is to be paid in cash.

"Mary E. Nagle."

After the delivery of this paper, plaintiff prepared a contract conforming with the terms of the memorandum, with which both parties expressed their satisfaction. A discussion arose, however, as to who should pay the water tax, which was a lien upon the property. Defendant refused to sign the contract, and the sale was not consummated. The contract was in strict accord with the memorandum; and the plaintiff, having procured a purchaser ready and willing to comply with the terms of the agreement made, to sign the contract and pay the $275 required and agreed to be paid upon its execution, he was entitled to his commission if the purchaser was able to perform; and the defendant could not, by changing her mind as to the time when title should pass, relieve herself from liability. The minds of the vendor and vendee had met upon all of the material elements of the sale, including the day on which title should pass; and the fact that upon such day the water tax would become a lien upon the property, and its payment required by her to place her in a position where she could consummate her contract, did not take from the plaintiff the right to payment of the commission he had earned. Martin v. Wermann, 107 App. Div. 482, 95 N. Y. Supp. 284; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441. "If the customer is ready and willing at a specified time and place to enter into an enforceable contract embodying the terms agreed upon, assuming that he is able to carry it out, the principal cannot defeat a broker's claim to commissions by refusing to join in the execution." Seidman v.

Rauner, 51 Misc. Rep. 10, 99 N. Y. Supp. 862. The authorities cited by the respondent are not in point. They are cases where the purchaser, and not the owner, defaulted, with the exception of Haase v. Schneider, 112 App. Div. 336, 98 N. Y. Supp. 587, the decision in which does not apply to the case at bar, because it rests upon the fact that no time for passing title had been agreed upon preliminarily, and when that question came up at the time of the execution of the contract the parties were unable to agree, and the court properly held that, the minds of the parties never having met, the broker had not shown himself entitled to commissions.

The defendant having accepted the prospective purchaser produced by the plaintiff, the latter was not required to prove financial ability upon the trial as a condition precedent to recovery. The defendant's refusal to perform the agreement which she had entered into with Mrs. Burr was not placed upon the ground that the latter was financially unable to perform her proposed contract. Having accepted the purchaser produced by plaintiff, and agreed with her for the sale of the property, the defendant refused to perform because Mrs. Burr would not pay existing taxes upon the property in addition to the agreed-on purchase price. The question of the financial ability of the prospective purchaser is not involved.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur, except MILLER, J., who dissents on the ground that no enforceable contract was made, and hence the broker had to show the financial responsibility of the proposed purchaser.