BENJAMIN ROSENBLATT and Others, Respondents, *v.* WILLIAM C.
BERGEN, Appellant, Impleaded with ABRAHAM I. GOLDSTEIN,
Defendant.

First Department, July 14, 1922.

Principal and agent — action by real estate broker for commissions —
terms of purchase by corporation to be organized were $10,000 down,
$40,000 on closing and purchase-money mortgage for $25,000 — corpo-
ration organized with $10,000 capital stock with $1,000 paid in — checks
by persons interested in corporation were presented for first payment —
defendant refused to complete contract — brokers cannot recover
commissions unless purchaser is able on closing date to make pay-
ment — broker not entitled to recover as corporation was not able to
complete contract.

A real estate broker cannot recover commissions from the owner who refused to
make a sale to a party secured by the broker unless he shows that the proposed
purchaser was ready, willing and able to complete the purchase.

But all that is necessary for the broker to show as to the ability of the proposed
purchaser is that he had the money necessary to make the payment requested
when the contract was signed and sufficient available assets, which were in a
position to be realized on, to complete the contract on the closing date.

In an action by a broker to recover commissions based on the alleged failure of
the owner to complete the contract, the plaintiffs failed to procure a pur-
chaser able to perform the conditions of the proposed purchase and did not,
therefore, earn their commissions, where it appears that the purchase was to
be made by a corporation to be formed thereafter; that the parties interested
in the corporation presented four checks totalling $10,000 as the first payment;
that $40,000 and a purchase-money mortgage of $25,000 was required on the
closing date; that a corporation was organized with $10,000 capital stock and
$1,000 paid in; that the corporation had no other assets, and that the parties
interested in the corporation did not guarantee the purchase.

APPEAL by the defendant, William C. Bergen, from a judgment of
the Supreme Court in favor of the plaintiffs, entered in the office
of the clerk of the county of New York on the 20th day of July,
1921, upon the verdict of a jury, and also from an order entered
in said clerk's office on the 13th day of August, 1921, denying
defendant's motion to set aside the verdict and to dismiss the
complaint, made upon the minutes.

*John J. O'Grady,* for the appellant.

*Lind & Pfeiffer [Alexander Pfeiffer* of counsel; *Seth V. Elting*
with him on the brief], for the respondents.

SMITH, J.:

This is an action for commissions. The plaintiffs claim, as
brokers, to have found a purchaser who was ready, willing and
able to purchase the property of the defendant Bergen upon terms

agreed upon.   The defendant, apparently, before the transaction was closed, backed out of the proposition and demanded $10,000 more which those interested in the purchase refused to give, and the matter fell through.   In order to recover, however, the plaintiffs are bound to show that they first found a purchaser ready, willing and able to complete the purchase.

This purchase was to be made in the name of a corporation, the Anam Realty Company, Inc.   This corporation was to be organized by parties controlled by the four persons who were sworn as witnesses.   It was to give $10,000 upon the signing of the contract and pay $40,000 more upon the passing of title and the property was to be taken subject to certain existing mortgages and the purchaser was to give a $25,000 purchase-money mortgage securing its bond.   Four checks of $2,500 were presented as the first payment.   As to one of these checks the party giving the check had only about $900 to his credit in the bank upon which the check was drawn.   He swears, however, that he was worth $25,000 and that he had more than enough money in another bank which he could transfer to this bank which would make good the purchase.   These four people wanted to buy this property upon the terms specified, but the title was not to be given to these four parties, but was to be given to a corporation.   The certificate of incorporation is included in the evidence.   It is a corporation organized with $10,000 capital stock and $1,000 paid in.   According to the briefs the corporation was organized for the purpose of buying this property.   The contract provided not only for the payment of $50,000 before the passing of title, but also that the purchaser was to give a $25,000 purchase-money bond and mortgage.   The purchaser was this corporation, and it was only organized with a $10,000 capital.   There was no offer by the four men to guarantee this purchase-money bond and mortgage, so that if this contract which they claim was agreed upon was carried out, the seller would have the $50,000 and a purchase-money bond and mortgage for $25,000 given by a corporation of sufficient responsibility. This is not enough to show that the purchaser, which was in fact the corporation, was able to carry out the purchase.   It is claimed that the certificate of incorporation of the Anam Realty Company, Inc., was not filed for three months after this transaction was had, but the papers were in proper shape for filing before the contract was had.

In these transactions time is not of the essence of the contract, unless specifically made so.   As all the incorporation papers were certified by the Secretary of State and the corporation tax paid, as shown by a receipt, it would seem to me that we must assume that the corporation was duly organized and could be perfected

in time.  It may also be assumed that this $2,500 check of one of these men interested would be made good in due time and the other checks properly indorsed when the time came for the passing of title.

In these transactions there are many details to be arranged and the law furnishes a reasonable time in which to arrange these details if the parties are anxious and willing and agreed upon the terms of the sale, so that the whole case seems to me to rest upon the ability of this corporation to pay $40,000 and to give a purchase-money bond and mortgage for $25,000, when the corporation was organized with a capital only of $10,000 with $1,000 paid in.

The respondents claim that the four men alleged to be stockholders of the proposed corporation were of sufficient responsibility to put the corporation in funds to comply with the cash requirements of the proposed purchase and need not at the time of entering into the contract of purchase have cash in hand sufficient to make the payments required to be made on the closing day. All that is necessary is that they shall have the money necessary to make the payment required when the contract is signed and have sufficient available assets and have made arrangements to realize on those assets so as to complete on the closing. If the proposed purchaser has not sufficient responsibility to meet such requirement, the broker has not fulfilled his contract.

In this case the four men were shown to have sufficient responsibility to have furnished the $50,000 cash required, and to have provided the corporation with funds necessary to make the $10,000 down payment. But these four men were not the purchasers; the Anam Realty Company, Inc., was the proposed purchaser. That the corporation was not a legal entity at the time may be ignored as the necessary steps to properly organize the corporation could have been taken within a day or two, as time was not of the essence of the brokers' employment. Also, the $10,000 down payment seems to have been proved to be practically in hand. A more serious objection and one which it seems has not been provided against is the fact that the corporation had not been proved to have any available assets beyond the $10,000. It was capitalized at only $10,000, the four men were not at the time stockholders, and even if they were, there was no legal power in the corporation to acquire or compel the payment of the additional $40,000 needed for the closing day, nor any way of obtaining assets that might be used to realize that amount or give any financial backing to the proposed $25,000 bond to be executed with the purchase-money mortgage. If these four men had been subscribers to $50,000 stock of the proposed corporation purchaser and had in some way put that corporation in the way of obtaining

additional assets to furnish some security for the proposed bond the above objection would have been met. As it is, the only available asset in the corporation was the $10,000 furnished by the four men. It had no means of compelling any additional payment of funds to it by any one and must be held not to have had sufficient responsibility to meet the requirements of the case.

The plaintiffs have failed to procure a proposed purchaser able to perform the conditions of the proposed purchase. It may be that the four men might have organized the corporation, might have increased its capital stock to $75,000, might have subscribed for the whole of such stock, and so put the corporation in a position to have called in the subscriptions and put itself in the possession of the necessary assets, but none of these things were done and the plaintiffs have not fulfilled their contract of employment.

It is true that the defendant Bergen was perfectly willing to take the corporation instead of the individual purchaser. That is the usual way in which these matters are carried out in New York. The property consisted of eight different pieces of property and the total value was some $330,000. It is not shown, however, that the defendant had knowledge that this corporation which was to give a purchase-money mortgage of $25,000, was only organized with a capital stock of $10,000 with $1,000 paid in, or that the corporation was able to carry out this part of the contract. This was necessary in order to establish the liability of the defendant.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.