BENJAMIN ROSENBLATT et al., Appellants, *v.* WILLIAM C.
BERGEN, Respondent.

**Brokers — commissions — action by real estate brokers for
commissions — when seller not justified in refusing to com-
plete sale to buyers produced by brokers.**

Where real estate brokers, employed to sell property, produced
buyers ready and willing and able to buy the property for the price
and on the terms fixed by the seller, the fact that the title was to be
taken by a corporation to be composed of the persons who desired
to buy the property, is not sufficient reason for the seller to refuse to
complete the sale, where he was informed of that fact and made no
objection thereto or to the financial responsibility of the corporation
or of the incorporators, who were shown to be financially responsible,
and who had, ready to deliver, the funds to make the cash payments
required, especially as the inference is justifiable that the buyer
repudiated the contract because he wanted a larger price.

*Rosenblatt* v. *Bergen*, 202 App. Div. 220, modified.

(Argued October 23, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered August 22, 1922, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department reversing a judgment in
favor of plaintiffs entered upon a verdict and directing
a dismissal of the complaint.

*Alexander Pfeiffer* and *Seth V. Elting* for appellants.
There is no question of fact in the record in regard to
the readiness, willingness and ability of the purchaser
to perform upon which the Appellate Division could
reverse. (*Matter of Totten*, 179 N. Y. 112; *Rosenberg Bros.
& Co.* v. *Buffum Co.*, 234 N. Y. 338; *Hirshfeld* v. *Fitzgerald*,
157 N. Y. 166; *Benedict* v. *Arnoux*, 154 N. Y. 715.) The
proposed purchaser was ready, able and willing to per-
form the contract. (*B. L. T. & S. D. Co.* v. *Medina G.
& E. L. Co.*, 12 App. Div. 199; 162 N. Y. 67; *Seymour* v.
*S. F. Cemetery Assn.*, 144 N. Y. 333; *Garrigues Co.* v.

*International Agricultural Corp.,* 159 App. Div. 877; *L. & L. Timber Co.* v. *United States,* 196 Fed. Rep. 593; 236 U. S. 574; *Anthony* v. *Am. Glucose Co.,* 146 N. Y. 407; *Starr B. G. Assn.* v. *N. L. Cemetery Assn.,* 77 Conn. 83; *People* v. *N. R. S. R. Co.,* 121 N. Y. 582; *Matter of Huss,* 126 N. Y. 537; *Larson* v. *Postal Tel. Cable Co.,* 150 Iowa, 748; *Oller* v. *Bonebrake,* 65 Penn. St. 338.)

*John J. O'Grady* for respondent.  The evidence offered by the plaintiffs does not show that the Anam Realty Co., Inc., had the ability to purchase the property.  (*Alt* v. *Douschler,* 102 App. Div. 344; 186 N. Y. 566; *Corbin* v. *M. & T. Bank,* 121 App. Div. 744; *Mutchnick* v. *Davis,* 130 App. Div. 417; *Holliday* v. *Roxbury Distilling Co.,* 130 App. Div. 654; *Randall* v. *Rankin Realty Co.,* 188 App. Div. 165; *Duclos* v. *Cunningham,* 102 N. Y. 678; *Gilder* v. *David,* 137 N. Y. 504.)

Hogan, J.  The plaintiffs are real estate brokers. They allege that together with one Goldstein, also a broker, made a defendant in this action, having refused to join as plaintiff therein, they were employed by the defendant Bergen to negotiate a sale of real property in the county of Bronx, and as a result of their employment, a corporation, ready, able and willing to purchase the property upon the terms and conditions fixed by defendant Bergen was procured by them and the defendant Bergen refused to consummate the sale.  The judgment demanded was $3,335, or one per cent on the sale price of the property as fixed by defendant Bergen.

The trial justice at the request of counsel for defendant Bergen charged the jury that plaintiffs must prove that they procured a corporation ready, able and willing to buy the property upon the terms and conditions fixed by defendant Bergen.  The jury found for plaintiffs. The Appellate Division reversed upon questions of fact and law and dismissed the complaint.

Certain facts appear in this case about which there

exists no controversy. The defendant Bergen agreed to sell the real property for $333,500, payable as follows: $10,000 on the signing of a contract; $40,000 in cash or certified check on the delivery of a deed; the assumption of mortgages on the property amounting to $258,500, and a purchase-money mortgage for $25,000.

The defendant Bergen was told that the proposed purchaser was the Anam Realty Company, and that the corporation would be composed of four men, viz., Gens, Fein, Shapiro and Spodek; that the reason for putting the title in the name of the corporation was because the individuals did not wish to go upon the bond. He said that the sale in that form would be satisfactory.

The plaintiffs arranged a meeting at the office of Mr. Rabinovitsch, the attorney for the proposed purchasers. The defendant was present. All parties adjourned to the office of the attorney for defendant Bergen to prepare a contract. The proposed contract is a voluminous document. It is said to have been prepared by the attorney for defendant Bergen, and in detail was intended to protect the interests of said defendant. It is dated January 10, 1919, and the parties named are defendant Bergen as seller and Anam Realty Company, Inc., as purchaser. The real estate, consisting of several parcels, is described by metes and bounds. The several mortgages thereon are enumerated, the interest and due date, and amount stated in detail, as well as the rate of interest on each mortgage. Then follow the terms hereinbefore mentioned. The deed to be delivered February 3, 1919, at two o'clock, at the office of the attorney for the defendant Bergen. Many additional provisions are contained in the proposed contract, unnecessary to detail here. The contract does not bear the signature of any of the parties. The date of the same indicates that it was prepared on January tenth.

Present in the office of the attorney for defendant Bergen were the four men, Gens, Fein, Shapiro and

Spodek, the parties interested as purchasers. Gens had requested the defendant to attach a statement of receipts and expenditures for the previous year to the contract, which plaintiffs assert Bergen agreed to do, but after consultation with his attorney declined to do. The four proposed purchasers each had in his possession and displayed a check for $2,500, the down payment of $10,000. Fein was the president of the Anam Realty Company, and each check was payable to the order of that company. After Mr. Bergen declined to give a statement of earnings and.expenses, the hour then being about 7:30 P. M., the parties were to make an examination of the valuation and assessments on the property and were to meet at Mr. Bergen's office at ten o'clock the following morning. The parties were at Mr. Bergen's office as agreed, but Mr. Bergen did not appear there, though the parties awaited his presence some hours, and he has not since been ready to perform his contract.

The foregoing facts, about which there is no controversy, establish that the defendant Bergen was aware of the fact that the title to the property was to be taken in the name of the Anam Realty Company. In that conclusion . we are confirmed by the opinion of the Appellate Division, wherein it is stated: " It is true that the defendant Bergen was perfectly willing to take the corporation instead of the individual purchaser. That is the usual way in which those matters are carried on in the city of New York." Having thus accepted the corporation as the purchaser and never having made objection thereto, or to the solvency of the corporation, or even suggested to the plaintiff any criticism of the corporation, defendant Bergen ought not now be heard to complain for the first time upon the trial of the action for commissions that the financial capacity of the corporation was inadequate. The objection might have been obviated if seasonably made. Silence and acquiescence, having at least the force of an admission that calls for objection, did not

exist. The justice of this view is emphasized when we consider Bergen's true motive in failing to carry out his contract, as tersely stated in the opinion of the Appellate Division: "The defendant apparently before the transaction was closed, backed out of the proposition and demanded $10,000 more, which those interested in the purchase refused to give and the matter fell through."

It is argued that the capital stock of the corporation was $10,000 with only $1,000 paid in, and hence since the purchaser was to give a mortgage for $25,000 as a part of the purchase money, accompanied by a bond, that there would be lacking security to the seller. Concededly, the corporation was organized for the purpose of buying the property. Defendant Bergen was aware of that fact and of the individuals who were behind the venture; nevertheless he accepted the corporation as the purchaser and embodied its name in the proposed contract.

He was to be paid $10,000 upon the signing of the contract and $40,000 in cash upon delivery of the deed. Had the contract been signed he would have the first payment of $10,000, and if he later delivered the deed the additional sum of $40,000. That the individuals who had formed the corporation were individually financially responsible and worth upwards of $350,000 above all liabilities was established on the trial. That they were ready to pay $10,000 on the signing of the contract was also established as a fact. That the purchasers intended to and were ready to pay the $40,000 on delivery of the deed appears in the record. The provision as to the mortgage for $25,000 was provided for in the proposed contract submitted to the proposed purchasers at the office of counsel for defendant Bergen. No question was at that time raised as to the sufficiency of the same, or in reference to the terms of sale as agreed upon. As to any tender of $10,000 by the purchasers as the first payment, we need not dwell upon that subject further than to call attention to the fact that defendant Bergen was aware

that the individual purchasers were to pay the amount, and the fact that they were able, ready and willing to do so if afforded an opportunity cannot upon the record be gainsaid. The inference is permissible that in view of the solvency of the promoters and the substantial payment they were making, the seller was satisfied with any corporation which they were financing, and by his conduct, if not by his words, he so notified the brokers.

We fail to discover any justification for a reversal of the judgment as matter of law which resulted in a dismissal of the complaint.

The judgment of the Appellate Division should be modified so as to grant a new trial and as so modified affirmed, with costs in this court and the Appellate Division to abide the event.

Hiscock, Ch. J., Cardozo, Pound and Crane, JJ., concur; Andrews, J., concurs in result; McLaughlin, J., dissents.

Judgment accordingly.