Isreal Schneidman and Another, Appellants, *v.* Edward Shapiro and Another, Respondents.

Supreme Court, Appellate Term, Second Department, July 1, 1925.

Parties — additional parties — plaintiffs may bring in additional party defendant, under Civil Practice Act, § 192, where defendants have been permitted to amend answer by pleading defect of parties defendant — principal and agent — statement in agreement that agent of purchaser is purchaser is immaterial — brokers — real estate broker — broker relieved from showing ability of purchaser where vendor accepts party produced — provisions as to commissions in agreement signed by vendor and purchaser are not binding on broker.

Plaintiffs may, under section 192 of the Civil Practice Act, bring in an additional party defendant, though it necessitates an adjournment of trial, where defendants have been permitted to amend their answer by pleading a defect of parties defendant.

A so-called receipt containing all the terms of an agreement is sufficient although the agent of the purchaser is stated to be the purchaser, where the proof establishes the fact of the agency.

A real estate broker is relieved from showing the ability of a purchaser to carry out the agreement, where the vendor has accepted the party produced and orally agreed with the purchaser upon all the terms of the exchange.

Provisions of a contract between a vendor and purchaser not signed by the broker relating to the payment of commissions are not binding upon the broker.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Seventh District.

*Emanuel Mehl*, for the appellants.

*Edward Baruch*, for the respondents.

PER CURIAM:

Judgments unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellants to abide the event.

It was error for the trial court to deny plaintiffs' motion to bring in the third broker. Having granted defendants' motion to amend their answer by pleading a defect of parties, plaintiffs' motion to bring in the additional party should have been granted. (Civ. Prac. Act, § 192.) If it were necessary to adjourn the trial, that could have been done in the interest of justice. We think the plaintiffs made out a *prima facie* case. The paper called the receipt (Plaintiffs' exhibit 1) seems to contain all the terms of the agreement, and, although crudely drawn, it shows what each party had agreed to do. The fact that the buyer's name is therein stated as " Bernstein," when in fact it was " Schneider," does not affect it, as the proof showed that Bernstein was the agent of Schneider. (*Byrne* v. *McDonough*, 114 Misc. 529; affd., on opinion below, 198 App. Div. 908.) The paper was signed by the party produced by the plaintiffs. We assume, from the state of the record, that the other copy of it was signed by defendants. If so, it was enforcible by and against both parties to it. In any event the parties orally agreed upon all the terms of the exchange and thereby the defendants accepted the party produced by plaintiffs and the latter were thus relieved of showing the ability of their party to carry out the agreement. (*Brand* v. *Nagle*, 122 App. Div. 490.) The proof shows the defendants refused to go on with the transaction, not, however, because they were not satisfied with the mortgages they were to get in part payment, but solely because they insisted upon receiving more cash at the time of signing the formal contract than they had agreed to accept. The provision in the signed paper that no commissions were to be paid unless formal contract was made and then only when title passed subject to approval of contract, is not binding upon the plaintiffs. They were not parties to it. Besides, it was the fault of defendants that the deal was not consummated.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.