GEORGE RUBIN and Another, Respondents, *v.* ALBERT COLLINS and Another, Appellants.

First Department, October 30, 1925.

**Brokers — real estate brokers — action to recover commissions — sale was not consummated — testimony for plaintiffs does not show ability of purchasers — judgment in favor of plaintiffs reversed.**

The judgment in favor of the plaintiffs, real estate brokers, in this action to recover commissions alleged to have been earned in procuring purchasers for a laundry owned by defendants is reversed for failure of the plaintiffs to show the ability of the prospective purchasers to complete the purchase, since it appears that the only testimony as to the ability and readiness of the purchasers to make the initial payment was given by one of the plaintiffs; that that testimony, viewed in the most favorable light to the plaintiffs, tended to show that the purchasers were short $500 in making the initial payment; that, in order to make up that amount, one of the plaintiffs loaned the purchasers a part thereof and the commissions which the plaintiffs were to receive were included therein; and that the plaintiffs' commissions were never assigned to the prospective purchasers or a receipt tendered therefor as part of the initial payment.

Furthermore, the failure to call the prospective purchasers to testify as to their ability is, in itself, a suspicious circumstance, and since it appears that the plaintiffs were loaning money to the purchasers to make up the initial payment, an additional reason is present why the purchasers should have been called to prove that they could fulfill their obligations under the proposed contract.

APPEAL by the defendants, Albert Collins and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 31st day of May, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of June, 1924, denying defendants' motion for a new trial made upon the minutes.

*William Rasquin, Jr.*, for the appellants.

*Abraham P. Wilkes*, for the respondents.

11

Dowling, J.:

This action is brought to recover commissions which plaintiffs claimed to have earned as brokers in procuring two prospective purchasers for a wet wash laundry owned by defendants and conducted by them at Flushing, Queens county, N. Y. The contention of plaintiffs is that they procured one Lederman and one Lewis who jointly agreed to purchase the laundry upon the terms fixed by defendants; but the latter were dissatisfied with Lewis, and plaintiffs then procured one Tobasky in his place, who was accepted by defendants and who, with Lederman, agreed to make the purchase upon the terms set by defendants, but the latter without just cause refused to consummate the sale.

I am of opinion that this judgment must be reversed, because plaintiffs failed to prove that they produced prospective purchasers ready, willing and able to conform to the terms of the purchase as fixed by defendants. These terms were embodied in a proposed written contract prepared by Joseph M. Mandelbaum, attorney for the purchasers, with the amendments and additions proposed by Joseph F. Poey, attorney for defendants. The action is brought upon the alleged oral agreement embodying these terms, the proposed written one never having been signed. Under both, the purchase price of the land and buildings, with the business therein conducted, was to be $47,000, whereof the initial payment of $15,000 ·was to be paid by the purchasers to Poey as trustee in escrow, to be applied on account of the purchase price if the sellers complied with their agreement, and to be forfeited by the purchasers and paid to the sellers if the former defaulted on their contract.

The only testimony as to the ability and readiness of the purchasers to make the initial payment under the alleged oral agreement is that of one of the plaintiffs, Abraham Fleischman. He testified that Lederman and Tobasky, the alleged purchasers, were in court, but neither was called as a witness. Fleischman testified that in order to close the deal and make the initial payment of $15,000, Sam Tobasky, one of the purchasers, had a check for $2,500 on a bank which the witness could not name, nor was he positive to whose order it was drawn, though he said it was certified, George Rubin, the other plaintiff, had a certified check for $2,100, and Lederman had a check for $2,000 and another check, amount not given. The testimony of this witness is so involved and contradictory as to be almost incomprehensible. But the most advantageous view of his testimony that can be taken for plaintiffs is that the purchaser Lederman had $7,500, of which $2,000 was in an uncertified check, $2,100 in a certified check on an unnamed bank, and the balance in cash, claimed to have been counted in

plaintiffs' office but in whose presence does not appear. Tobasky's $7,500 is itemized as a certified check of George Rubin, one of the plaintiffs, for $2,150, a certified check for $2,500, and plaintiffs' commissions amounting to $2,350. It will be noted that, even accepting the somewhat incoherent and certainly vague testimony as true, and giving credit to Lederman for the possession of sufficient cash to make up his contribution of $7,500 (which is not sufficiently proved), and out of which one of the brokers gave or loaned him $2,100, still Tobasky's checks on hand amounted to only $4,650, to which he sought to add plaintiffs' commissions of $2,350, thus making a total, according to his own figures, of $7,000. Thus conceding plaintiffs' right to transfer their commissions to their purchasers to consummate the sale, the total the latter had on hand was only $14,500, instead of $15,000.

The failure to call the proposed purchasers, who were present in court, as witnesses to prove their readiness, ability and willingness to complete the requirements and make the first payment of $15,000, was in itself a suspicious circumstance, particularly in view of the unsatisfactory nature of Fleischman's testimony on the point and his interest in the outcome of the suit. Nor does it appear that plaintiffs ever formally assigned their right to commissions to the purchasers, tendered a receipt therefor, notified defendants of their intention to apply it towards the deposit on the purchase price, or did any thing save include it themselves in their very uncertain estimate of the amount the purchasers had on hand. The agreement was that $15,000 was to be paid over on signing the agreement by the purchasers to the sellers, and this was not satisfied, either in amount or by the inclusion of the brokers' fees therein. Fleischman admits in his cross-examination that defendants and their lawyer insisted " everything should be certified or cash." Under the conditions of this oral purchase agreement (which are not disputed) the purchasers were to go into possession of the property and business at once, executing $32,000 in promissory notes to be secured by a chattel mortgage. They were to pay no rent, and were allowed to use defendants' name in their business. Thus defendants had a direct interest in the character and personality of the men who were buying their business. They had objected to Lewis because they claimed his record was not good. They had accepted Lederman and Tobasky as purchasers, but no one else. If plaintiffs were buying an interest in the business, defendants had not been notified thereof, and had not accepted them. If they were loaning money to the purchasers to make up the first deposit, that goes directly to the responsibility of the latter, and gives additional reason why Lederman and

Tobasky should have been called as witnesses to prove they could really fulfill their obligations.

For the reason that the testimony fails to disclose that plaintiffs produced *bona fide* purchasers ready, willing and able to purchase the property and business in question on the terms fixed and agreed upon, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., FINCH, McAVOY and BURR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellants to abide the event.