FRED E. GOLDMANN, Appellant, *v.* ISAAC GOLDMANN REALTY CORPORATION, Respondent.

Second Department, October 15, 1929.

*Alvin S. Rosenson*, for the appellant.

*Michael Joseph Shagan* [*L. P. Wasserman* and *Samuel Wasserman* with him on the brief], for the respondent.

YOUNG, J. The amended complaint alleges in substance that, in February, 1928, the defendant, the owner of certain property in Queens county, employed a firm of real estate brokers, Thoens & Flaunlacher, Inc., to procure a lessee for its property and agreed to pay it a commission for its services. It is also alleged:

" *Sixth*. That thereafter and in or about the month of June, 1928, the said Thoens & Flaunlacher, Inc., procured one Robert Jackson as a lessee for the said premises, who was ready, willing and able to enter into a lease of the said property for a period of twenty years, commencing September 1st, 1928, at an aggregate rental of $595,000 payable $23,000 per annum for the first two years, $24,000 per annum for the third year, $25,000 per annum for the fourth and fifth years, $28,000 per annum for the five years thereafter, $31,000 per annum for the five years next ensuing, and $36,000 per annum for the balance of the term of said lease, upon

terms prescribed by the defendants, the said lease to be executed as tenant by a corporation to be formed by the said Robert Jackson, and the defendant agreed to enter into a lease upon said terms with the said corporation. * * *

" *Eighth.* That the said Robert Jackson offered to cause such corporation to be formed and to cause such corporation to enter into such lease upon the terms prescribed by the defendant and the defendant refused to enter into an agreement of lease upon terms hereinbefore mentioned and there became due and owing to the said Thoens & Flaunlacher, Inc., the said commissions in the sum of $6,950, no part of which has been paid, although demanded." That, prior to the commencement of the action, the broker assigned its claim to plaintiff.

The defendant moved to dismiss the complaint on the ground that it did not state a cause of action. The learned Special Term granted the motion, and the order and judgment appealed from were thereupon entered.

In deciding the motion, the learned Special Term handed down an opinion from which it appears that the ground of its decision was, briefly stated, that Jackson, alleged to have been procured as a purchaser, was not personally willing to take the lease on any terms; that plaintiff's assignor did not procure a corporation as the lessee because the contemplated corporation did not exist and that Jackson's offer to cause a corporation to be formed cannot take the place of an existing corporation, ready, willing and able to take.

Appellant relies upon the case of *Rosenblatt* v. *Bergen* (237 N. Y. 88). In that case plaintiffs were employed as brokers by defendant to negotiate a sale of real property in Bronx county. Plaintiffs claimed to have procured a purchaser and that the purchase was to be made by a corporation to be formed thereafter. Before the transaction was closed, however, the corporation had been formed. The Appellate Division (202 App. Div. 220) held in effect that plaintiffs did not earn their commissions because it did not appear that the corporation so formed was financially able to perform the contract. The Court of Appeals, however, held that this was error, saying: " The foregoing facts, about which there is no controversy, establish that the defendant Bergen was aware of the fact that the title to the property was to be taken in the name of the Anam Realty Company. In that conclusion we are confirmed by the opinion of the Appellate Division, wherein it is stated: ' It is true that the defendant Bergen was perfectly willing to take the corporation instead of the individual purchaser. That is the usual way in which these matters are carried out in the city of New York.' Having thus accepted the

corporation as the purchaser and never having made objection thereto, or to the solvency of the corporation, or even suggested to the plaintiff any criticism of the corporation, defendant Bergen ought not now be heard to complain for the first time upon the trial of the action for commissions that the financial capacity of the corporation was inadequate. The objection might have been obviated if seasonably made."

The learned Special Term, however, held that the case at bar was distinguishable from *Rosenblatt* v. *Bergen* (*supra*), in that, in the latter case, there was an existing corporation. In my opinion, this fact does not present any distinction in principle. It is an elementary rule that a broker, in order to earn his commission, must produce a purchaser or lessee able and willing to purchase or lease the property of his principal. The reason for this rule is obvious. The owner of property is not to be charged with commissions of a broker unless the purchaser procured is willing and financially able to consummate a contract of purchase or lease. This rule is invoked where the broker presents a purchaser and the owner refuses to make a contract or lease. The broker must then satisfy the court in a suit for his commissions that the purchaser or lessee procured is financially responsible. I know of no case where the rule has been applied, and I can see no reason for its application, where the owner has actually accepted the purchaser or lessee and has agreed orally to make a contract of sale or lease to the party procured by the broker. The language of the Court of Appeals in *Rosenblatt* v. *Bergen* (*supra*) indicates that where the owner has accepted the proposed purchaser he will not be heard to complain, in a suit by the broker for his commissions, of its inability to perform the contract.

The transaction set forth in the amended complaint in this case is quite an ordinary and usual one in real estate matters. The contract is usually made with the individual intending to form the corporation, and assigned to the corporation. Undoubtedly, had plaintiff's assignor been presented to the defendant Jackson and the proposed corporation as a purchaser, defendant might have refused to lease the property on the ground that there was no existing corporation. On the contrary, it agreed to accept the corporation to be formed as the lessee, and cannot, therefore, now escape its obligation to pay commissions. I think, undoubtedly, Jackson and the defendant might have entered into a valid contract by which Jackson should agree to form the corporation and defendant to lease the property to such corporation. But it is unnecessary to determine this question. The test of a brokers' right to commissions does not depend upon the making of a valid

and enforcible contract between the owner and the proposed purchaser. It is enough that he produce a purchaser, ready, able and willing to make the contract, or one who has been accepted by the owner as being within the terms of his employment.

The order and judgment should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, SEEGER and CARSWELL, JJ., concur.

Order and judgment reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.