IDA HERNSTAT and Another, Appellants, v. SAB HOLDING CORPORATION, Respondent.— Order granting defendant's motion to amend its answer, in an action based on negligence, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The granting of the motion was improvident. Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.

FRANK HERZBERG, an Infant under the Age of Fourteen Years, by HELEN HERZBERG, His Guardian ad Litem, and CHARLES HERZBERG, Appellants, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In an action to recover compensation for personal injuries and for loss of the infant's services due to the falling over and upon the infant of a play-slide installed in a public school, judgment dismissing the complaint at the end of the case reversed upon the law and a new trial granted, with costs to appellants to abide the event. The plaintiff made out a *prima facie* case. It was for the jury to determine whether, in the circumstances disclosed, the defendant exercised reasonable care in permitting the play-slide to be used in an unsecured condition, resulting in its toppling over upon the infant plaintiff. Young, Scudder and Johnston, JJ., concur; Lazansky, P. J., concurs on the ground stated and upon the further ground that there was testimony that showed that the slide was in need of repair, as a result of which the accident may have been caused; Carswell, J., dissents and votes to affirm.

HARRY L. HORN, Appellant, v. FRED H. BENNETT, Respondent, and HARRY W. BENNETT, Defendant.—Action on contract to recover commissions for the sale of a business. The complaint was dismissed at the close of the plaintiff's case on the ground, in effect, that the purchase of the business was an unusual or extraordinary matter which required authorization of the board of directors of the proposed corporate purchaser, that the president of that corporation was without authority, as such, to bind it as purchaser, and that in the absence of such authority there was no purchaser who was ready, willing and able to buy. While it may be that, on the proof adduced by the plaintiff, the president of the proposed purchaser did not have authority to bind the corporation (*Bankers Trust Co.* v. *International Railway Co.*, 207 App. Div. 579; affd., 239 N. Y. 619), a question which we do not now decide, this was not an irrevocably fatal defect. If lack of authority had been relied on by the defendant, and that was the obstacle in the path of the successful consummation of the contract to purchase, the board of directors of the proposed purchaser could have cured the defect by authorization or ratification. The deal fell through on an entirely different aspect, namely, that the parties could not agree on the purchase price, which defendant set at approximately $240,000 over and above the $3,000,000 which he had fixed in employing the plaintiff. The defendant is estopped from questioning the authority of the one with whom he dealt on behalf of the proposed purchaser. (*Mooney* v. *Elder*, 56 N. Y. 238; *Duclos* v. *Cunningham*, 102 id. 678; *Matter of New York, Westchester & Boston R. Co.*, 151 App. Div. 50; *Rosenblatt* v. *Bergen*, 237 N. Y. 88; *Ostroff* v. *Doctor*, 238 id. 264; *Goldman* v. *Goldman Realty Corporation*, 227 App. Div. 28.) Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.