HELLER & HENRETIG, INC., Appellant, v. 3620-168TH STREET, INC., Respondent.— In an action by a real estate broker to recover commissions and the reasonable value of services rendered in procuring a purchaser for respondent's apartment house, the complaint was dismissed at the close of the entire case on the ground that there was no default on the part of respondent, the default being rather that of the purchaser procured by appellant. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Appellant adduced proof from which a jury could find that it procured an individual who was ready and willing, through one of his corporations, to purchase the apartment house on the terms prescribed by respondent, the name of which

corporation was made known to respondent; that on March 5, 1947, an appointment was made to execute the contract of sale but, because of a misunderstanding, the purchaser's attorney did not appear; that on that day appellant signed an instrument prepared by respondent pursuant to which appellant agreed to accept $4,400 as full commissions (less than half of the commissions fixed by the Long Island Real Estate Board) and "that if for any reason whatsoever the contract of sale shall not be executed and delivered as aforesaid, or if the title shall not be closed and the deed be delivered under the contract of sale for any reason whatsoever except for the wilful default of the seller, the undersigned hereby agrees that there shall be no brokerage or compensation due to the undersigned"; that thereafter an appointment was made to execute the contract of sale, but that prior to the date set for such execution one of the officers of respondent decided not to sell because his "income taxes  *  *  *  would be too high". These facts, if believed by the jury, were sufficient to sustain a judgment for appellant. The purchaser was not required to make a tender because respondent in advance notified appellant that it would not execute the contract of sale at the appointed time. (*Roberts* v. *New York Life Ins. Co.*, 195 App. Div. 97, 101, affd. 233 N. Y. 639; *Ziehen* v. *Smith*, 148 N. Y. 558, 561–562.) Respondent had actually accepted the purchaser and orally agreed to make a contract of sale to the party procured by appellant. The refusal of respondent to perform was not placed on the ground that the financial capacity of the purchaser or his designated corporation was inadequate. Under these circumstances, in this action for brokerage commissions, it was not necessary to prove the financial ability of the proposed purchaser (*Goldmann* v. *Goldmann Realty Corp.*, 227 App. Div. 28). The instrument signed by appellant on March 5, 1947, was ambiguous, and it was a question for the jury to determine whether the phrase "except for the wilful default of the seller" applied to the contract of sale as well as to the title closing. (*Reliable Press* v. *Bristol Carpet Cleaning Co.*, 261 App. Div. 256.) Even if the contract were not ambiguous, the arbitrary refusal of respondent to execute the contract of sale would excuse that execution as a condition precedent to the payment of the brokerage commission. (*Pearce* v. *Knepper*, 53 N. Y. S. 2d 845, affd. 269 App. Div. 829.) Carswell, Johnston and Sneed, JJ., concur; Nolan, P. J., dissents and votes to affirm on the ground that the instrument signed by appellant is not ambiguous and precludes recovery of commissions, even though respondent arbitrarily refused to enter into a contract of sale. Furthermore, there was no proof that the purchaser produced by appellant, or any of his corporations, was financially able to make the down payment required on the signing of the contract of sale. (Cf. *Rosenblatt* v. *Bergen*, 237 N. Y. 88.) Adel, J., dissents and votes to affirm, with the following memorandum: The plaintiff was employed under a written contract of employment, the terms of which, in my opinion, are not ambiguous. Under the agreement, the defendant had the right to do what he did, that is, refuse to be bound for brokerage until a contract of purchase and sale was executed and delivered. Furthermore, viewing the proof in the most favorable light to the plaintiff, there was no sufficient evidence of definiteness to identify a purchaser acceptable to the defendant, nor was there evidence of the production of a purchaser ready, able and willing to purchase. [See *post*, p. 1065.]