Louis L. Friedman, J.
One defendant moves for an order permitting it to serve an amended answer and include a cross complaint therein. Plaintiff objects to the proposed amendment, while the codefendant objects to so much of the motion as prays for leave to serve the cross complaint. Each form of relief requested and the objection thereto will be discussed separately. The action is brought to recover for personal injuries allegedly sustained by the plaintiff as a result of the claimed negligence of the defendants. In paragraph (14) of plaintiff’s complaint it was alleged in substance that at the time of the accident the said plaintiff “ was rightfully and law *620 fully ’ ’ on the motor truck referred to in said complaint, ‘ ‘ with the knowledge, permission and consent of the defendants, their agents, servants and/or employees.” Answering said allegation, the moving defendant, in paragraph fifth of its said answer, stated that it denied the allegations of said paragraph (14), “ except it admits that at said time and place plaintiff was on said motor truck with knowledge, permission and consent of defendant, George Yurkin.”
The moving defendant now contends that through a mistaken interpretation of the facts contained in their file, this answer was served admitting that the plaintiff was a passenger on said motor vehicle with the knowledge, permission and consent of one of the defendants. They desire to amend said answer so as to withdraw such admission and to substitute in place thereof a limited admission to the effect that plaintiff was a passenger on said vehicle with the knowledge of the defendant George Yurkin, but without his permission or consent. The answer referred to is a verified one, sworn to by the treasurer of the moving defendant corporation. However, in support of the present motion, defendant submits an affidavit by one of the attorneys associated with the attorney of record for the defendant, who says that he makes the affidavit upon information and belief, and who states further that he is not submitting an affidavit of the person who verified the original answer, ‘ ‘ because your deponent feels that these matters are points of legal implication, for which the attorney, your deponent, was the responsible party in connection with the drafting of an answer. ’ ’ Nowhere in the moving papers is there any statement on the part of the person who verified the original answer to the effect that the facts which said person admitted under oath were true, are not the real facts, and the failure to submit such an affidavit is most significant.
In Hernstat v. Sab Holding Corp. (243 App. Div. 808) the Appellate Division in this department reversed an order which granted a similar motion, characterizing such granting as “ improvident.”
In Ehrlich v. Strand Cleaners & Dyers Corp., decided by Mr. Justice Curr, Supreme Court, Kings County, and reported in the New York Law Journal of April 10,1943 (p. 1414, col. 7), defendant sought to amend its answer to deny ownership, operation and control of the store premises where plaintiff had been injured, after having previously admitted such ownership, operation and control. The motion was denied, the court stating “ A motion to amend an answer in a way that changes totally a major part of the defense, casting thereby the burden *621 on the plaintiff to prove that which plaintiff in his preparation rightfully assumed was conceded” must be denied. In Levy v. Delaware, Lackawanna & Western R. R. Co. (211 App. Div. 503, 505-506) the court stated: “ In any matter which involves their individual rights, the parties may agree upon the existence or truth of certain facts which they wish to present to the court for adjudication. They may agree to a submission of a controversy upon an agreed statement of facts (Civ. Prac. Act, § 546). If the parties are satisfied, the court will not concern itself whether these are the actual facts. They may so agree by admissions in pleadings, in which case a party, having once admitted facts alleged, must abide by his admission, although he much desires to prove the contrary. (Keuster v. Paige Sales Co., 209 App. Div. 294, 296; Pennacchio v. Greco, 107 id. 225; Thompson v. Postal Life Ins. Co., 226 N. Y. 363.) Even after amendment, an admission in an original pleading is evidence of the fact admitted. (Kelly v. St. Michael’s R. C. Church, 148 App. Div. 767.) They may agree by stipulation, not only upon the facts, but upon waiver of statutory or constitutional rights, and thereby make the law for their proceeding, and thus become estopped from denying that there is another law applicable to their rights. (Vose v. Cockcroft, 44 N. Y. 413; Cox v. N. Y. C. & H. R. R. R. Co., 63 id. 414; Matter of N. Y. L. & W. R. R. Co., 98 id. 447, 453; Cowenhoven v. Ball, 118 id. 231, 235.) Where a party has, through inadvertence, mistake or other cause made an admission or entered into a stipulation as to facts which are not true, there is, of course, power in the court to furnish relief in the exercise of sound judicial discretion upon good cause shown and in furtherance of justice. (Donovan v. Twist, 119 App. Div. 734; Morris v. Press Pub. Co., 98 id. 143; Roth v. Schloss, 6 Barb. 308; Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403; 36 Cyc. 1294.) But where a party seeks to amend a pleading which has admitted facts, or to be relieved from a stipulation to the same effect which has been relied or acted upon by the other party, and to grant relief would prejudice substantial rights of the latter, the court should not exercise its discretion in thus changing the situation of the parties. (Civ. Prac. Act, § 105; Mark v. City of Buffalo, 87 N. Y. 184; Morris v. Press Pub. Co., supra; Matter of Richardson, 118 App. Div. 164.) ”
In Shrubsall v. City of New York (183 Misc. 424), the Supreme Court, Special Term, Queens County, denied a motion made by the city to amend its answer so as to bring certain matters into issue which had not previously been denied in the defendant’s answer.
*622 The highest form of evidence is the admission made by defendant in its verified answer (see Kelly v. St. Michael’s R. C. Church, 148 App. Div. 767, 771). As previously pointed out in the Levy v. Delaware, Lackawanna & Western R. R. Co. case (supra), even though an amendment were permitted, the admission in the original pleading would be evidence as to the fact admitted. It would be an abuse of discretion to grant this present motion (Luback v. Hirsch, 232 App. Div. 691; Drescher v. Mirkus, 211 App. Div. 763).
Accordingly, so much of the motion as seeks to amend the answer to the plaintiff’s complaint is denied. It should be here pointed out that plaintiff has given up his right to an examination before trial by reason of the admission herein, and in view of the new statement of readiness rule, plaintiff may not now conduct such an examination before trial.
As to that part of the motion wherein defendant asks leave to assert a cross complaint as against another defendant, the motion is granted. The codefendant who opposes this relief shows no prejudice and its opposition to that phase of the motion to the effect that there is no legal liability, may not be asserted at this time. The motion to amend the answer so as to assert a cross complaint against the codefendant is granted without prejudice to the right of said codefendant to attack said cross complaint after its service, if said codefendant be so advised.
Settle order on notice to all parties.