Morris Siegel et al., Respondents, *v.* Zale Liese et al., Appellants.

Third Department, July 13, 1965.

*William C. Mattison, Harry G. Liese* and *Wilfred R. Caron* for appellants.

*N. Le Van Haver* and *Richard B. Overbagh* for respondents.

Gibson, P. J. Appeal is taken from a judgment of the Supreme Court in favor of plaintiffs, entered upon a verdict, in an action to recover brokers' commissions, the complaint alleging that plaintiffs produced buyers ready, willing and able to purchase defendants' automobile business. Appellants' brief narrows the issues to the question " whether the * * * proof was insufficient, as a matter of law, to establish the financial ability of the prospective purchasers "; and, consistently therewith, appellants request reversal and dismissal and not, in the alternative, a new trial; but we give no legal effect to this omission.

The prospective purchasers, Beeler and Siegel, testified in detail as to financial ability ample to consummate the transaction, including, of course, their ability to meet the required cash payment of $53,000. In reciting their testimony, we give effect in each case to minimal figures. Beeler said that he had cash in bank of $7,000, that his partner in a gasoline station business had agreed to pay him $7,000 cash for his interest and that he had a written commitment from an individual, whose name and address he furnished, to lend him whatever amount should be needed to complete the sale. Defendants elected not to pursue further the evidence as to the partner's agreement of purchase or the testimony as to the commitment

letter of the individual lender; and in this court they advance no sound reason for denying the jury's right to attach credence to both. Similarly, defendants were seemingly content to accept without investigation, or, indeed, detailed cross-examination, Siegel's testimony that he had, in addition to cash of $7,000, securities of $15,000 and a commitment from his brother for a loan of $20,000 on real estate. Of the $53,000 cash required, some $18,000 represented the automobile parts inventory and there was testimony that this item could be "financed"; there was evidence, also, that a financial statement submitted by the prospective purchasers satisfied the company whose consent was necessary to the transfer of the dealer's franchise; but neither of these additional items of proof was necessary to establish financial ability, if the proof previously outlined be credited.

In *Mengel* v. *Lawrence* (276 App. Div. 180) was involved the ability of a prospective purchaser to pay a cash price of $150,000, in proof of which it was shown that he maintained a bank balance of about $20,000 and that he had made various sales and purchases of real estate for large sums. It would seem that there was thus lacking the precise and certain proof of cash and quick assets which appellants in the case before us contend to be essential; but the court held: "While such proof did not show that the plaintiff's buyer actually had $150,000 in cash or his exact financial position on or about June 13, 1946, we think that the evidence warranted the submission of the case to the jury on the question of the purchaser's financial ability to consummate this deal" (pp. 183–184).

Appellants rely heavily on *Globerman* v. *Lederer* (281 App. Div. 39) in which the court which had decided *Mengel* (*supra*) three years before, first indicated that *Mengel* remained unaffected (p. 42) and then held merely that there must be "some tangible evidence" from which a jury can infer financial responsibility, that "Some facts must be adduced, beyond the mere conclusion of the prospective purchaser, that he could have performed his obligations in the transaction" (pp. 42, 43). In *Globerman* (*supra*), as in *Epstein* v. *Bossard* (206 Misc. 48, affd. 286 App. Div. 920), which followed it, there was lacking evidence, such as was produced here, of specific assets and firm commitments by specified lenders.

It seems to us clear that adequate "tangible evidence" for a jury's evaluation, as required by *Globerman* (*supra*), is to be found here in the specific and detailed testimony of the prospective purchasers, with unequivocal references to identified sources and, in some instances, documents. Although the supposed writings might better, perhaps, have been produced, that

omission seems to us not fatal and to go only to the weight of the testimony, and, indeed, as was said in *Globerman* (*supra*, p. 41), loan commitments may not be necessary "if a purchaser has assets which could normally be used as collateral on which to borrow a required amount of cash." The omission to produce the documentary evidence referred to seems less significant since defendants, despite their failure to offer any factual contradiction of the proof of ability generally, chose not to pursue these open questions by close inquiry, if not by investigation.

The result here may be supported on the additional ground, which the evidence would warrant, that the true reason for defendants' failure to consummate the sale was not that they were dissatisfied with the purchasers' financial ability but was, rather, their purpose to avoid payment of commissions, by negotiating, as they did, a sale upon which no commissions should be payable. (Cf. *Heller & Henretig* v. *3620–168th St., Inc.*, 274 App. Div. 1007; *Goldmann* v. *Goldmann Realty Corp.*, 227 App. Div. 28.) The supportive evidence includes testimony that after receiving plaintiffs' telegram advising that the parts inventory would be paid for in cash, one of the defendants, instead of advising plaintiffs that a sale to others had been negotiated, as defendants now claim, discussed with one of the plaintiffs the amount of the commissions to be charged by plaintiffs.

The judgment should be affirmed.

HERLIHY, TAYLOR, AULISI and HAMM, JJ., concur.

Judgment affirmed, with costs.