Leon D. Lazer, J.
In an action to recover a real estate brokerage commission from an owner who refuses to sell, is proof of the proposed buyer’s financial ability a prerequisite to the establishment of a prima facie case? The question arises as a result of the instant defendants’ motion to dismiss the complaint, made at the end of the broker’s case (and subsequently renewed), on the ground that there was no evidence of the purchaser’s ability to consummate the purchase. The suing broker contends that it was under no obligation to offer such proof under the circumstances of this case. The facts are these.
The plaintiff real estate broker produced a buyer who entered into a binder agreement with the defendant James Northrop for the purchase of the Lakehurst Lodge Rest Home in Lake Ronkonkoma at a price of $395,000 with provision for the subsequent execution of a "more formal” contract. The purchase price included a $50,000 down payment by the buyer, $300,000 in additional cash subject to his ability to obtain a first mortgage in that amount, and $45,000 by the seller taking back a second mortgage "payable $5000 per year for approximately 9 years.” According to the binder, the sale also was contingent upon the purchaser obtaining necessary certification from the Department of Social Services. Thereafter, notwithstanding his execution of the binder, Mr. Northrop canceled the transaction on the ground that his wife, the defendant Jean Northrop, would not consent to the sale. According to the defendants’ trial testimony an oral condition of the sales agreement not contained in the binder agreement required the consent of Mrs. Northrop who it is alleged is the true owner of the rest home managed by her husband. Disposition of the issues raised by this testimony and of the various other issues of law and fact has been deferred pending determination of the current motion to dismiss on the ground .that, absent proof of the buyer’s ability, a prima facie case was not made out.
The axiom, of course, is that a broker is entitled to a commission when he has produced a buyer ready, willing and able to purchase upon the seller’s terms (Lane-Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36; Gilder v Davis, 137 *677 NY 504). When such a buyer has been produced and the seller refuses to proceed, in an action to recover the commission due the broker must show that his buyer was not only ready and willing but also able to consummate the purchase upon the seller’s terms (Globerman v Lederer, 281 App Div 39; Goldmann v Goldmann Realty Corp., 227 App Div 28; Schnitzer v Price, 122 App Div 409). Where the vendor "accepts” the purchaser by entering into a contract of sale with him, however, the broker is ordinarily relieved of the necessity of showing that the purchaser was ready, willing and able to perform (Bunnell v Chapman, 173 App Div 108). The seller will be presumed to have satisfied himself with respect to the purchaser’s financial ability before entering into the contract (Gelardin v Flomarcy Co., 267 App Div 464, mod 293 NY 217; Flicker v Ragan, 126 Mise 185; Genatt v Rubinson, 165 NYS 464) and to have waived proof of the issue (Jaffe v Lederer, 113 Mise 356). The existence of a written contract renders testimony with respect to the issue of financial ability immaterial on the question of the broker’s right to a commission (Bierman v Barbieri, 124 Mise 157) and not admissible at the trial (Fleet v Barker, 120 App Div 455).
The instant defendants argue, however, that since they never entered into a contract with the buyer his acceptance by them was not established and, in the absence of proof of the buyer’s financial ability, the complaint must fall. Apart from whether the binder itself is an enforceable contract, it certainly constitutes an agreement to make a contract. Since in the Second Department execution of a contract of sale is not a sine qua non to acceptance, the defendants’ argument lacks merit. In this jurisdiction, if the seller has orally agreed to enter into a contract he will be deemed to have accepted the buyer and, unless the seller’s subsequent refusal to sign the contract is based upon the buyer’s alleged financial incapacity, the broker will be relieved of the burden of establishing financial ability (Goldmann v Goldmann Realty Corp., 227 App Div 28, supra; Heller & Henretig Inc. v 3620-168th St. Inc., 274 App Div 1007, app den 274 App Div 1065; Hommick v New York Dock Trade Facilities Corp., 246 App Div 844; Brand v Nagle, 122 App Div 490; Schneidman v Shapiro, 125 Misc 892).
The Second Department rule does not appear to have achieved recognition either in the First or Fourth Department where it has been held that in the absence of a contract .proof *678 of financial ability will be required from the broker even where the seller has agreed to enter into a contract (May & Co. v Mailman, 276 App Div 1073 [1st Dept]; Neuman v Uris, 244 App Div 285 [1st Dept]; Rubin v Collins, 214 App Div 161 [1st Dept]; Epstein v Bossard, 206 Misc 48, affd 286 App Div 920 [4th Dept]; but, see, Tulp v Padula, 70 Misc 2d 306).
Although the plaintiff argues that its view of the law is supported by Rosenblatt v Bergen (237 NY 88), the single Court of Appeals case on the issue, the facts of that case serve to limit its significance as a conclusive authority. In Rosenblatt (supra), the seller agreed to enter into a contract but failed to appear at the time set for signing. Nevertheless, it was not until the trial of the suit against him for a brokerage commission that the seller raised the issue of the buyer’s financial ability. The trial court charged the jury that the plaintiffs were required to prove the buyer’s financial ability but the verdict in favor of the plaintiffs was reversed by the Appellate Division (202 App Div 220). In modifying the Appellate Division order and remanding the case for a new trial, the Court of Appeals declared (p 91): "Having thus accepted the corporation as the purchaser and never having made objection thereto, or to the solvency of the corporation, or even suggested to the plaintiff any criticism of the corporation, defendant Bergen ought not now be heard to complain for the first time upon the trial of the action for commissions that the financial capacity of the corporation was inadequate.”
Although Rosenblatt thus appears wholly accordant with the Second Department rule and, indeed, has been cited by that department as its authority (see Goldmann v Goldmann Realty Corp., 227 App Div 28, supra), the difficulty with the case is the fact that the financial capacity of the Rosenblatt buyers was proven at the trial. Perhaps it was for that reason that the dissent in Heller & Henretig Inc. v 3620-168th St. Inc. (274 App Div 1007, app den 274 App Div 1065, supra), cited Rosenblatt for the proposition that proof of financial capacity is requisite to a broker’s case even where the seller agreed to enter into a contract before reneging. While Rosenblatt therefore remains enigmatic, it is clear that in the Second Department a broker need not prove his buyer’s financial capacity if the seller has agreed to enter into a contract and has not rejected the sale because of the buyer’s financial capacity.
Acceptance can exist, however, only if the parties also have *679 agreed upon all the terms of the sale (Hommick v New York Dock Trade Facilities Corp., 246 App Div 844, supra; Schneidman v Shapiro, 125 Mise 892, supra) of which there is at least prima facie evidence in this case. The omission in the binder of the purchase-money mortgage interest rate and the closing date was not fatal unless those terms were left open for future negotiation (see Keystone Hardware Corp. v Tague, 246 NY 79; Valvano v Hogan, 228 NYS2d 206). The law will imply the legal rate of interest on the mortgage (Keystone Hardware Corp. v Tague, supra) and will presume that the closing will take place within a reasonable time (Tobias v Lynch, 233 NY 515; Birnhak v Vaccaro, 47 AD2d 915).
It is readily to be inferred from plaintiff’s proof in this case that the purchaser and the defendant James Northrop entered into an agreement to make a contract on terms satisfactory to the latter and it is clear that the transaction was not canceled for reasons relating to the buyer’s financial ability. A prima facie case therefore has been made out and the dismissal motion is denied. The parties are directed to furnish this court with the transcript of the trial and within 20 days thereafter to submit law memoranda on the other issues in the action.