JOHN A. WATSON, as a Stockholder of SEAFOAM LAUNDRY SERVICE, INC., on Behalf of All Other Stockholders Thereof Who May Hereafter Desire to Join and Become Party Plaintiff to This Action, Respondent, v. CONSOLIDATED LAUNDRIES CORPORATION and Others, Appellants.

Second Department, April 29, 1932.

*Leon G. Godley* [*John Lehman* and *David S. Garland* with him on the brief], for the appellants.

*Edwin J. Lukas*, for the respondent.

CARSWELL, J. Defendants moved for judgment on the pleadings, asserting that the complaint was insufficient in law. Plaintiff made a cross-motion for leave to serve a supplemental summons to bring in additional parties and to serve an " amended " complaint. Defendants' motion was granted, and of this plaintiff does not complain.

Plaintiff's motion was likewise granted, but the order entered thereon changed the relief so as to permit the service of a " supplemental " complaint. Defendants appeal from the order in so far as it related to plaintiff's motion. The granting of the order in this respect was error.

(1) The order should be construed as if it intended to and did authorize the service of both an " amended " complaint and a " supplemental " complaint. Plaintiff is concerned with two groups of facts. One could only be brought into the action through the medium of an amended complaint; the other through the medium of a supplemental complaint. Leave to invoke both groups of facts may be obtained and authorized at one time (Civ. Prac. Act, § 117; 3 Carmody N. Y. Prac. [2d ed.] p. 2521) if either or both are available.

This record, it is conceded, contains every fact available to plaintiff to be used in the proposed new pleading or pleadings. The question is whether either or both groups can be introduced into the case and if, when so introduced, a cause of action is stated.

(a) The facts available for pleading in an amended complaint may be considered first. The original complaint is concededly bad. If the facts available in an amended complaint do not make a good complaint, then the facts available in a supplemental pleading may not be invoked to make out a good cause of action. (*Park & Sons Co.* v. *Hubbard*, 198 N. Y. 136.) This arises from the clearly defined distinction between the function of an amended complaint and the function of a supplemental complaint. An amended complaint supersedes the original complaint. A supplemental complaint ordinarily does not supersede an original or amended complaint; it only adds to such a pleading and is to be read with it. (3 Carmody N. Y. Prac. [2d ed.] p. 2520; *Smith* v. *Smith*, 99 App. Div. 283.)

It is indispensable that a cause of action exist when the action

is begun. A demand, or facts excusing it, is a part of the cause of action of which the plaintiff seeks to avail himself in an amended pleading. The introduction of the proposed allegations with respect to demand upon the receiver while he controlled the corporation's affairs and before the action was begun would still leave the original complaint as thus amended insufficient in law. (*Isaac* v. *Marcus*, 258 N. Y. 257; *Horowitz* v. *Goodman*, 112 App. Div. 13; *Trempe* v. *Perlman*, 187 id. 745.) A demand standing alone would be insufficient. (*Isaac* v. *Marcus*, *supra*.) It would be necessary to allege facts similar to those involved in the course suggested in the *Isaac* case — the making of an application to the Federal court in respect to its receiver's failure to act to bring about a ruling as to whether his refusal was unjustified. It may be necessary to go still further and allege that before the action was begun permission was granted by the Federal court to sue the receiver. Except as to the demand, no claim is made that these facts can be alleged. Even then it may well be that an allegation of such facts would be insufficient.

(b) A demand on the directors or the corporation while the receiver was in control and before his discharge eventuated, made before the action was begun, would be a nullity. (*Horowitz* v. *Goodman*, *supra; Trempe* v. *Perlman*, *supra*.) Such a demand, if pleaded in an amended complaint, would be futile. It would not make that complaint good.

In either aspect, the facts available for pleading in an amended complaint, if introduced into the original complaint, would leave the original complaint as thus amended insufficient in law.

(2) The other group of facts of which the plaintiff seeks to avail himself concern that which has transpired after the action was begun. Those facts may only be utilized, if at all, in a supplemental complaint. They may not be utilized to eke out a cause of action if the original complaint, after introduction into it of all facts available by way of amendment, is insufficient in law. In this aspect a supplemental complaint cannot be utilized to give validity to an insufficient original pleading. One fact which plaintiff seeks to invoke is that with respect to the discharge of the receiver, which occurred after the action was begun. This fact may only be invoked and revealed through a supplemental pleading. It necessitates in turn an allegation of demand upon the corporation or its directors since the latter have in law resumed control. Such an allegation of demand and a refusal to comply therewith could only occur after the action was begun, because it could only effectively occur after the equity receiver was eliminated from the situation. It would only be upon the making of such a demand that a cause of action would accrue. Such a new cause of

action may not be invoked in a supplemental complaint to supersede an insufficient original complaint that continues to be insufficient after the acts occurring before the action is begun are inserted in it. Such a situation would require a new action to be begun, if any may be maintained, after the insufficient old action had been eliminated by discontinuance or otherwise. (*Trempe* v. *Perlman, supra.*)

(3) A more substantial vice exists, of a character which cannot be remedied on any view of the facts by either an amended or supplemental pleading. The original pleading concededly states no cause of action on any theory. The plaintiff therein assumed to enforce alleged causes of action in tort, owned by the corporation of which plaintiff is a stockholder, against strangers or third parties. Whether such an action shall be prosecuted by a corporation is a matter that rests in the discretion of the directors. Such things concern internal management, in which the courts have no interest in the absence of fraud or bad faith or misconduct amounting to breach of trust. None of these elements is present here. (*United Copper Co.* v. *Amalgamated Copper Co.*, 244 U. S. 261; 4 Cook Corp. [8th ed.] § 750.)

The facts sought to be invoked do not come within that class of cases which concern proposed acts of directors imperiling the charter rights of a corporation or body, such as yielding to an invalid tax or imposition, or some other incident that imperils the life of the corporation or body. (*Hawes* v. *Oakland*, 104 U. S. 450; *Hill* v. *Wallace*, 259 id. 44.)

(4) In view of the foregoing it is unnecessary to consider the other questions argued against the validity of the order so far as appealed from.

The order permitting the service of a supplemental summons and supplemental complaint should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., KAPPER, HAGARTY and DAVIS, JJ., concur.

Order permitting service of a supplemental summons and supplemental complaint reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.