ALEXANDER KORAL, Respondent-Appellant, v. SAVORY, INC., and DONALD F. KILLORIN, Appellants, Respondents, and Others, Defendants.— Plaintiff, a

stockholder, sues in this derivative action to recover damages alleged to have been suffered by the corporation as a result of wrongful acts of the defendants — not directors or officers of the corporation, but third parties. Plaintiff does not claim the alleged wrongful acts caused injury to him and to other stockholders and no recovery is sought for damages to them or their property. Whether or not the corporation shall prosecute an action for damages against third parties rests in the discretion of its board of directors. ( *United Copper Co.* v. *Amal. Copper Co.*, 244 U. S. 261, 263; *Watson* v. *Consolidated Laundries Corp.*, 235 App. Div. 234.) Therefore, plaintiff has not capacity to sue. A receiver has been appointed in a sequestration action and he is vested with the ownership of the cause of action. A demand has been made on the receiver to prosecute the action but he has refused to do so. Under these circumstances, particularly in view of the fact that it is alleged the receiver is a clerk in the office of defendants' attorney, plaintiff should apply at Special Term to have the receiver removed and another appointed so as to redress the wrongs alleged to have been committed against the corporation. ( *Kimball* v. *Ives*, 30 Hun, 568, 569.) While the record does not contain a notice of appeal from the resettled order, both parties so treat the appeal and we do likewise. Resettled order dated June 4, 1936, reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to plaintiff's applying at Special Term for an order removing the receiver and appointing another. Appeal from resettled order striking the cause from the Trial Term calendar dismissed. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.