ALEXANDER KORAL, Appellant, *v.* SAVORY, INC., et al., Respondents, Impleaded with Others.

Argued October 18, 1937; decided November 23, 1937.

*Mortimer Hays* and *Abraham Marcus* for appellant. Plaintiff, as a stockholder of the corporation, could maintain the action, although the corporation is in receivership; especially since leave of court has been obtained. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Isaac* v. *Marcus*, 258 N. Y. 257.) The stockholder's right of action is not affected by the fact that the suit is against parties unconnected with the corporation. (*Dodge* v. *Woolsey*, 18 How. [U. S.] 331; *Memphis* v. *Dean*, 8 Wall. [U. S.] 64; *Hawes* v. *Oakland*, 104 U. S. 450; *Greenwood* v. *Union Freight R. R. Co.*, 105 U. S. 13; *Detroit* v. *Dean*, 106 U. S. 537; *Pollock* v. *Farmers' Loan & Trust Co.*, 158 U. S. 601; *Ashwander* v. *Tennessee Valley Authority*, 297 U. S. 288; *Carter* v. *Carter Coal Co.*, 298 U. S. 238; *United Copper Securities Co.* v. *Amal. Copper Co.*, 244 U. S. 261; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113.)

*H. Preston Coursen* and *Joseph W. Gottlieb* for respondents. The action is brought not against the officers and directors of the corporation for fraud or misconduct, but solely against strangers and third parties. The plaintiff does not claim personal damage, but merely damage to the corporation. It is thus an attempt on the part of a single stockholder to enforce in his own right an alleged cause of action in tort owned by the corporation. A stockholder cannot thus take the law into his own hands, and the directors of the corporation are vested with the right to decide whether or not the corporation should prosecute such a cause. (*Watson* v. *Consolidated Laundries Corp.*, 235 App. Div. 234; *United Copper Securities Co.* v. *Amalgamated Copper Co.*, 244 U. S. 261; *Converse* v. *United Shoe Machinery Co.*, 185 Mass. 422.)

LEHMAN, J. The plaintiff herein is a stockholder of Elkay Reflector Corporation. A temporary receiver of the estate and property has been appointed and has been made a party defendant with the permission of the court.

In his complaint the plaintiff has sought to allege facts sufficient to constitute a cause of action for damages caused to the corporation by the defendants, named in the complaint, other than the receiver. The plaintiff does not allege in his complaint that the defendants have invaded his personal rights of property or caused any damage to him individually. He complains of alleged wrongs done to the corporation and he asks that the damages for such wrongs be paid to the corporation or its receiver.

A cause of action for wrong done to the corporation belongs to the corporation. If no receiver had been appointed, the corporation could have brought an action to enforce it, and the question whether the corporation should " seek to enforce in the courts a cause of action for damages is, like other business questions, ordinarily a matter of internal management and is left to the discretion of the directors, in the absence of instruction by vote of the stockholders. Courts interfere seldom to control such discretion *intra vires* the *corporation,* except where the directors are guilty of misconduct equivalent to a breach of trust, or where they stand in a dual relation which prevents an unprejudiced exercise of judgment." ( *United Copper Securities Co.* v. *Amalgamated Copper Co.,* 244 U. S. 261, 263.) After a corporate receiver has been appointed, he could bring suit upon any cause of action which belonged to the corporation. In deciding whether such a suit should be brought, the discretion previously vested in the directors would be vested in him, though in the exercise of such discretion as in all other matters, he might be subject to the supervision and direction of the court. The defendants have moved to dismiss the complaint under rule 112 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action. They do not contend that the complaint fails to state all the elements of a corporate cause of action at law for damages. Their contention is

only that the plaintiff cannot as stockholder bring a derivative action for such damages. The Appellate Division has sustained that contention, and judgment has been entered dismissing the complaint.

The right of a stockholder of a corporation to bring suit to enforce, for the benefit of the corporation, a cause of action, which belongs to the corporation, is purely equitable. The equity suit, when permitted, is in effect a combination of two causes of action which the stockholder asserts: " namely, one against his own company, of which he is a corporator, for refusing to do what he has requested them to do; and the other against the party which contests the matter in controversy with that corporation." (*Hawes* v. *Oakland*, 104 U. S. 450, 452.) In that case the court pointed out that " In addition to the existence of grievances which call for this kind of relief " a stockholder " should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes." (p. 460.) The problem in this case is whether the plaintiff has alleged facts sufficient to show *prima facie, first,* that the *corporation* has a cause of action against the defendants named in the complaint, and *second,* that the refusal of the corporation or its receiver is not based upon the exercise of a reasonable discretion vested in the corporation or its receiver, but is itself a wrong to the stockholder; and, finally, that the plaintiff has exhausted all the means within his reach to compel action by the receiver in conformity with his wishes.

" Courts of equity will, at the suit of a stockholder, interpose their powers to remedy or prevent a wrong to a corporation by its officers or directors when the corporation, because it is controlled by the wrongdoers or for other reason, fails and refuses to take appropriate action for its own protection." (*Isaac* v. *Marcus*, 258 N. Y. 257, 264.) Suits against directors for breach of trust or

other similar wrong constitute a well-recognized category of cases in which the extraordinary powers of a court of equity are properly invoked because the corporation is controlled by the alleged wrongdoers. (Cf. *United Copper Securities Co.* v. *Amalgamated Copper Co., supra.*) The powers of the court of equity to provide an appropriate remedy for failure of those in control of a corporation to take " appropriate action for the protection of the corporation " are not limited to rigid categories. Classification into such categories of the cases in which courts of equity have exercised such powers is often helpful in arriving at general principles which may guide courts in determining whether the grievance " calls for this kind of relief." Such classification was made in *Hawes* v. *Oakland* (*supra*) and the classification made in that case has exercised a potent and salutary influence upon subsequent decisions of American courts, both State and Federal; but it is to be noted that in that case the court took pains to point out that " possibly other cases may arise in which, to prevent irremediable injury, or a total failure of justice, the court would be justified in exercising its powers, but the foregoing may be regarded as an outline of the principles which govern this class of cases " (p. 460).

Since in this case the alleged wrongdoers are not in control of the corporation, the plaintiff must in his complaint allege other facts which justify the intervention of a court of equity in the administration of corporate officers where in the first instance, at least, discretion is vested in the receiver. We have held that where the receiver is himself one of the alleged wrongdoers a stockholder may bring an action in equity to remedy the wrong. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.) That is not the case here. The complaint in this case alleges that the plaintiff has requested the receiver to maintain an action to redress the injuries alleged in the complaint; but the receiver has declined to institute such an action. The plaintiff bases his claim to equitable relief upon that

refusal and he must show that the refusal constitutes a wrong to the stockholders causing " irremediable injury " to them.

Failure by a corporation or its receiver to bring suit against persons who have wrongfully caused damage to the corporation will, it is plain, injure the corporation and its stockholders, to the extent that by such suit damages might have been collected from the wrongdoers. Even so, a refusal to bring such a suit constitutes no wrong to the stockholders of the corporation if the refusal is based upon the honest exercise of a discretion vested in those who control the corporation. A court of equity may interfere, however, in cases where there is no " unprejudiced exercise of judgment." ( *United Copper Securities Co.* v. *Amalgamated Copper Co., supra.*) Here the complaint alleges facts which if true show that the refusal is not due to an " unprejudiced exercise of judgment," but on the contrary that the receiver is a clerk in the office of the attorneys for the defendants and that his primary interest is to prevent the corporation from redressing the wrongs committed by the clients of his employer.

It is plain that a refusal to bring suit in such circumstances would constitute a wrong to the corporation and its stockholders which calls for action by a court of equity if redress cannot be had through an action at law. The Appellate Division has pointed out that if these allegations are true the court which appointed the receiver should remove him and appoint a new receiver who would bring an action at law. We may assume that the court could remove the receiver or, perhaps, direct the present receiver to bring an action at law if his judgment, though exercised honestly, is improvident. These are matters which concern the administration of the corporate affairs under the supervision and direction of the court, and the court which exercises the powers of supervision might determine that it would be for the best interests of the corporation that the receiver should not be removed or

directed to bring suit, but rather that it should permit a stockholder to maintain the action in behalf of the corporation making the receiver a party defendant. (Cf. *Isaac* v. *Marcus, supra.*)

The court has given such permission here. The plaintiff in the complaint, served pursuant to that permission, alleges facts which show, *prima facie,* a wrong against the corporation committed by the persons named as defendants; that the affairs of the corporation are now in the control of the court acting through the receiver; that the receiver has refused to bring an action to redress such wrong, and that the refusal of the receiver is not based upon an unprejudiced exercise of judgment. These allegations bring this case within the principles upon which a stockholder's derivative equitable action is based. The effect of these allegations is not weakened or destroyed because another branch of the court might, if it saw fit, assert powers of control over the affairs of the corporation and overrule the refusal of the receiver to bring suit, but instead has given permission to a stockholder to bring the suit in behalf of the corporation. Choice there lies with the court. The alleged wrongdoers may not dictate how the choice should be exercised.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., taking no part.

Judgment accordingly.