MAURICE E. DOWNING, as Receiver of FREDERICK C. ZOBEL, Respondent, *v.* BRUNSWICK REALTY COMPANY, Appellant, et al., Defendants.

First Department, April 22, 1943.

*David Harrison* for appellant.

*Benjamin Berinstein* for respondent.

*Per Curiam.* Plaintiff-respondent, as receiver, suing in the right of the judgment debtor who is a stockholder of Brunswick Realty Company, fails to state facts sufficient to constitute

a cause of action against the corporation. His remedy is against the individuals who wronged the corporation. If, as is alleged, a valuable asset of Brunswick Realty Company was transferred without consideration to another corporation, any action to restore this asset to Brunswick Realty Company belongs to that corporation and to redress this wrong such a suit must be brought in behalf of the corporation. (*Koral* v. *Savory, Inc.,* 276 N. Y. 215, 217.)

The order should be reversed, with twenty dollars costs and disbursements and the motion to dismiss the amended complaint granted, with leave to serve an amended complaint within ten days after service of order, on payment of said costs.

Dore, J. (dissenting). The action is in equity by the receiver of a judgment debtor to set aside the fraudulent transfer of valuable assets by a family corporation in which the judgment debtor has fifty per cent interest. The complaint charges that the defendant corporation made the transfer without consideration and with intent to aid the judgment debtor defraud his creditors and that the transferee received the assets with knowledge of such intent and fraud.

Corporations, though necessarily acting through officers and board of directors, must answer for their own acts. The charge here is not that the corporation was injured, but that it perpetrated the fraud to aid its chief stockholder defraud his creditors.

Plaintiff, as receiver of Frederick C. Zobel, succeeds to all his rights as a stockholder of Brunswick Realty Company. Zobel would have the right to set aside any transfer by Brunswick in fraud of his right as a stockholder, unless he were *particeps criminis*. The receiver succeeds to such right. If there were anything illegal done by Zobel which would bar the receiver from suing, that is a matter of defense.

That co-conspirators (the other Zobels) are not defendants is immaterial. If, as stated in *Stephens* v. *Meriden Britannia Co.* (160 N. Y. 178, 183), a receiver can remove any obstacle such as a fraudulent transfer which would prevent him from taking possession of the debtor's property, I see no reason why he cannot sue to enhance the value of the debtor's stock which he holds, by ordering a restitution of property transferred in fraud by the corporation.

The complaint states a cause of action in equity; the ten-year statute (Civ. Prac. Act, § 53) clearly applies.

Accordingly, I dissent and vote to affirm.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur in *Per Curiam* opinion; DORE, J., dissents and votes to affirm, in opinion.

Order reversed, with twenty dollars costs and disbursements and the motion to dismiss the amended complaint pursuant to rule 106 of the Rules of Civil Practice granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order, on payment of said costs.