Lucia Di Bartolo et al., Respondents, *v*. City of New York, Appellant.

Argued April 18, 1944; decided June 14, 1944.

*Ignatius M. Wilkinson, Corporation Counsel* (*Murray Sendler* and *James Hall Prothero* of counsel), for appellant. I. By their own concession, the plaintiffs gave the Comptroller fewer than thirty days to settle or pay their claim, hence, their proof, that he refused or neglected to do so for thirty days, failed. (*Moren* v. *City of New York,* 163 App. Div. 561; *Amex Asphalt Corp.* v. *City of New York,* 263 App. Div. 968, 288 N. Y. 721; *Tolchinsky* v. *City of New York,* 164 App. Div. 636, 220 N. Y. 633; *Collins* v. *City of New York,* 257 App. Div. 988; *Casey* v. *City of New York,* 157 App. Div. 905, 217 N. Y. 192; *Johannes* v. *City of New York,* 257 App. Div. 197, 281 N. Y. 825; *Kaplan* v. *City of Poughkeepsie,* 279 N. Y. 153; *Reining et al.* v. *City of Buffalo, etc.,* 102 N. Y. 308.) II. The defense here involved was available under a general denial, and need not have been affirmatively pleaded. (*Rapp* v. *City of New York,* 176 App. Div. 155; *Purdy* v. *City of New York,* 193 N. Y. 521; *City of Champaign* v. *McMurray,* 76 Ill. 353; *Underwood* v. *Campbell,* 13 Wend. 78; *Collett* v. *Flinn,* 5 Cow. 466.)

*Harry Fieldsteel* and *Jacob Zelenko* for respondents. I. This action was not prematurely brought, because there is no statutory or other provision that a claimant against the City may not sue upon his claim until after he has first submitted to oral examination by defendant's Comptroller. (*Moren* v. *City of New York,* 163 App. Div. 561; *Stubbmann* v. *City of New York,* 176 App. Div. 937.) II. Inasmuch as the oral examination was adjourned, not because of any caprice on the part of plaintiff or of her attorney, but solely because plaintiff's physical condition precluded submission to an oral examination at defendant's Comptroller's office, the Trial Justice's ruling in plaintiff's favor was correct. (*Mirsky* v. *Mirsky,* 35 N. Y. S. 2d 858.) III. The Appellate Division was correct in ruling that the defense herein should have been specially pleaded. (*Monroe* v. *United States,* 10 F. S. 412; Civ. Prac. Act, § 242.)

CONWAY, J. There is presented to us the question whether under the facts related below, the plaintiffs complied with the statutory conditions precedent to the bringing of an action against the City of New York. The applicable statutes are New York City Administrative Code, § 93d–1.0 (formerly Greater New York Charter, § 149) and Code, section 394a–1.0 (former Charter, § 261). The former section reads — Settlement of Claims — '' The comptroller may require any person presenting for settlement an account or claim for any cause against the city or the board of education to be sworn before him or either of the deputy comptrollers, touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account or claim. * * *.''

The latter section provides, in part: '' Actions against the city.— a. In every action or special proceeding, for any cause whatever, prosecuted or maintained against the city, the complaint or necessary moving papers shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims, upon which such action or special proceeding is founded, were presented to the comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. * * *.''

The injuries complained of were sustained on July 2, 1941. Notices of claim and of intention to sue were served upon the Comptroller and the Corporation Counsel on October 4, 1941. On October 22, 1941, the Comptroller notified the plaintiffs to appear on October 29th for examination. On October 28, 1941, the examination was adjourned by stipulation to January 7, 1942. The stipulation was sought by the plaintiffs because the plaintiff wife had been injured so seriously that it was impossible for her to appear. The stipulation provided: '' It is hereby stipulated that the examination of claimant herein be adjourned, at the request of claimant's attorney, to the 7th day of January, 1942, at 10 o'clock A. M., with the distinct understanding that such adjournment is without prejudice to the Comptroller's right to settle or adjust said claim within the same period of time after such examination is held, as the Comptroller had

from the date set originally for such examination, and that no action be brought during such period of time."

On December 13, 1941, the summons and complaint were served upon the City. The City answered on December 24, 1941, and later served an amended answer verified January 8, 1942.

On January 7, 1942, one day before the verification of the amended answer, the City stipulated for the further adjournment of the examination to March 4, 1942, by a stipulation which contained the same condition as in the original stipulation of October 28, 1941. On March 4, 1942, the examination of both plaintiffs was had.

In the complaint paragraphs "Eighth" and "Fifteenth" (one in each cause of action) were as follows: "That the said Comptroller has wholly *neglected and refused* to make any adjustment or payment of said claim aforesaid." In the amended answer those paragraphs were denied "except that on or about the 4th day of October, 1941, prior to the commence-ment of this action, and within six months after its alleged accrual, a paper writing purporting to be a notice of claim and of intention to sue was presented to the Comptroller of the City of New York, for adjustment and served upon the Corporation Counsel of the City of New York, for the plaintiff herein, a copy of which is attached to the complaint; *and that no adjustment thereof has been made.*"

It will be noted that had the examination been held on the date originally set for it, namely, October 29, 1941, the Comptroller would have had *five days thereafter,* of the statutory thirty days, within which to adjust the claims and that plaintiffs could not have commenced their action until those five days had elapsed. The City therefore argues that by the terms of the two stipulations the Comptroller had five days after January 7, 1942, and after March 4, 1942, respectively, within which to adjust the claims and that the action has been prematurely brought, since it was commenced prior to March 9, 1942.

The manner in which the question arose is illuminating. The matter was certainly handled most informally by counsel for both parties. The case came on for trial on February 24, 1943, more than eleven months after the examination in fact had been held, and after the period had passed within which an

action for negligence might be brought against the City. Neither counsel had the point in mind. After the morning session, before the plaintiffs had rested their case, it was called to the attention of the Assistant Corporation Counsel by an associate. A motion was thereafter made to dismiss the complaint for failure to comply with the portion of the Administrative Code, section 394a–1.0 quoted *supra*. That motion was denied, the plaintiffs had verdicts and the judgment entered thereon has been affirmed by the Appellate Division. We think that upon the pleadings and upon the conduct of the parties to the litigation, the decision below was correct.

True, at the time of the first stipulation, the City still had five days within which to adjust the claims before an action could be commenced. It is also true that on January 7, 1942, when the examination was further adjourned, the City still had five days from the date to which the examination was adjourned. But one day later, on January 8, 1942, when the City verified its amended answer, it admitted that notices of claim and of intention to sue had been presented to the Comptroller for adjustment " *and that no adjustment thereof has been made.*" That was in connection with its amended answer to paragraphs " Eighth " and " Fifteenth " of the complaint in which it was alleged that the Comptroller had *neglected and refused* to make adjustment or payment of the claims. It seems to us that that was a clear concession, for the purpose of pleading and trial, that the thirty-day period had expired and that the Comptroller had neglected and refused to make an adjustment or payment during that period. Thereafter an examination of the plaintiffs was conducted by the Comptroller on March 4, 1942, orally as to both plaintiffs and in addition by the Medical Examiner as to the plaintiff wife, more than eleven months before the trial, and no suggestion of adjustment or payment was subsequently made by the Comptroller. The plaintiffs were justified in assuming that the question now raised was out of the case. Had the City desired to rely on the stipulation of the parties to establish that the action was prematurely commenced, the special agreements so relied upon should have been pleaded as an affirmative defense. (Civ. Prac. Act, § 242.)

The fact that the plaintiffs were examined differentiates this case from others heretofore decided. In *Tolchinsky* v. *City of New York* (220 N. Y. 633) and in *Casey* v. *City of New York* (217 N. Y. 192) no examination of the plaintiff was ever had. Quite clearly in those cases it was not made to appear that the Comptroller had waived or otherwise lost his right to examine the claimant or had neglected or refused to make an adjustment or payment to one who had never presented himself for examination at any time although under stipulation so to do. *Johannes* v. *City of New York* (257 App. Div. 197, affd. 281 N. Y. 825) was decided in this court upon the ground that the omission from the notice of claim of the date upon which the accident occurred was fatal and that the stipulation into which the parties entered did not cure that defect.

The judgment should be affirmed, with costs. (See 293 N. Y. 756.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur; THACHER, J., taking no part.

Judgment affirmed.