AGNES SHRUBSALL, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, October 5, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (John J. O'Brien of counsel), for defendant.*

*Charles K. Finch for plaintiff.*

HOOLEY, J. Motion for an order granting leave to defendant to amend its answer so as to plead that the action was commenced prematurely.

The action was brought for the recovery of damages for personal injuries sustained as a result of the alleged negligence of the City of New York. The City maintains that the thirty days allowed the Comptroller to settle or adjust the action, after the service of the notice of claim, had not expired on August 18, 1943, the date of the commencement of the action.

The claim was served on June 4, 1943. A notice to appear and be examined on July 1, 1943, pursuant to section 93d–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), was served upon the plaintiff's attorney. This left three days before the expiration of the thirty days. The hearing was adjourned to August 26, 1943, by stipulation between the attorneys, which stipulation contained these words: " with the distinct understanding that such adjournment is without prejudice to the Comptroller's right to settle or adjust the claim within the same period of time after such examination is held, as the Comptroller had from the date originally set for such examination, and that no action be brought during said period of time." On August 26th the examination was held. Under said stipulation the Comptroller would have had until August 29th to settle or adjust the claim. The action, however, as previously stated, was commenced on August 18th, and issue was joined by the service of a verified answer on September 3rd.

The City seeks to amend its answer because of the recent decision of the Court of Appeals in the case of *Di Bartolo v. City of New York* (293 N. Y. 114) wherein it was held that if the City desired to rely on stipulations of parties to establish that an

action was prematurely commenced, the special agreements relied upon should be pleaded as an affirmative defense. This was not done in the original answer, and it is for that reason that the City seeks to amend its pleading. The City maintains that prior to the rendition of the said decision, the Court of Appeals had held that a plaintiff must allege and prove that the thirty days have elapsed as a condition precedent to the institution of the action and a determination of the issues.

Had the defendant asserted the facts in this case as an affirmative defense, there is no question but that it would have been a complete defense.

The defendant did not so plead nor did it seek to amend its answer for over one year, during which period of time the plaintiff's time to institute a new action expired. In its verified answer the City admitted the receipt of "a paper writing purporting to be a notice of claim and of intention to sue" and "that no adjustment thereof has been made." As was said in *Di Bartolo* v. *City of New York* (*supra*), that statement in the answer was a clear concession for the purpose of pleading and trial that the thirty-day period had expired and that the Comptroller had neglected and refused to make an adjustment or payment during the period. Furthermore, the examination by the City on August 26, 1943, at a time when it had knowledge that the plaintiff's summons and complaint had been served on August 18, 1943, lulled the plaintiff into a feeling of security. The parties are presumed to know the law. A prompt assertion by the City in its answer of the claim which it now asserts, would have resulted in action by the plaintiff to protect her rights. The situation here presented is very similar to the situation in the *Di Bartolo* case cited above, where the court said that the plaintiff was justified in assuming that the question now raised was out of the case. A granting of this motion after the Statute of Limitations has run would operate to the extreme prejudice of this plaintiff.

In *Drescher* v. *Mirkus* (211 App. Div. 763) the court refused to permit an amendment of an answer where the defendant waited so long to make the application that plaintiff had lost her right to proceed against other parties who might be responsible, although the amendment, if permitted and sustained, would have relieved the defendant from all liability for the accident.

The failure to allow the City the few additional days to settle or adjust its claim that it was entitled to, has not prejudiced the defendant in the slightest degree. The motion to amend is denied.