JOHN S. McQUADE, Individually and as a Director and Stockholder of Topics Publishing Co., Inc., Suing on Behalf of Himself and All Other Stockholders of Said Corporation, Similarly Situated, and in the Right of Said Corporation, Plaintiff, v. AGLAR COOK et al., Defendants.

Supreme Court, Special Term, Nassau County, October 18, 1948.

*A. Joseph Geist, George E. Netter* and *Milton Waxenfeld* for Aglar Cook, defendant.

*Herbert Daniel Stone* for plaintiff.

DALY, J. In this stockholder's derivative action, defendant Cook moves for an order dismissing each cause of action alleged in the amended complaint for legal insufficiency or, in the alternative, for other relief pursuant to various Rules of Civil Practice.

The present complaint contains eighteen causes of action. Defendant Cook claims that it is insufficient for failure to allege either a prior demand upon the corporation or facts obviating the necessity therefor.

Defendant Cook is the president of the corporation. He and his wife own 55% of its common stock. The complaint charges, among other things, that Cook received money in excess of the salary agreed upon; that he did not earn even the stipulated salary by reason of his long absences from his duties; that he submitted padded expense accounts; that he hired his son-in-law at a high salary in a position for which he was unfitted by lack of experience; that he procured the adoption of a pension plan of which he was the principal beneficiary, although he represented to the board that he would not participate in said plan; that he has accumulated surplus capital in violation of section 102 of the Federal Internal Revenue Code (U. S. Code, tit. 26, § 102); and that he has dissipated corporate funds by his mismanagement of some of the corporation's activities.

It is further alleged that four of the directors, who are also employees, performed services which should have been performed by Cook, and that he obtained for them a $5,000 annual increase in salary upon the false representation that they would resign if they did not receive such additional compensation and that said sum was voted to them for services which should have been performed by Cook. The truth of the above allegations must be assumed on a motion of this nature. (*Locke v. Pembroke*, 280 N. Y. 430.)

In a stockholder's derivative action the complaint, in addition to setting forth a cause of action against the defendant, must allege that a demand on the corporation to commence suit has met with a refusal not justified by the exercise of reasonable discretion. (*Koral v. Savory, Inc.*, 276 N. Y. 215, 218; 4 Cook on Corporations [8th ed.], § 740, p. 3240.) An exception, however, to this general rule exists in cases where a demand would be futile. (*O'Connor v. Virginia Passenger & Power Co.*, 184 N. Y. 46, 52.) In that event the facts excusing the prior demand must be alleged. (*Koral v. Savory, Inc., supra.*) Thus where the directors, at the time of the commencement of the suit, are the same as those who committed the alleged wrongs, no demand need be made. (*O'Connor v. Virginia Passenger & Power Co., supra; Jacobson v. Brooklyn Lumber Company*, 184 N. Y. 152, 161; *Loew v. Interlake Iron Corp.*, 270 App. Div. 858.)

Cook and his wife own 55% of the corporation's common stock. The certificate of incorporation and the by-laws permit a

majority stockholder to nominate and elect *all* of the members of the board of directors. None of the directors, except Cook, owns any stock whatsoever in the corporation. Four of the directors are the employees previously referred to, who have each received $5,000 extra compensation annually since 1946. With Cook, they comprise one half of the board and could effectively block any action whatsoever. It is incredible to believe that these directors would have authorized the commencement of this suit. Under these circumstances the futility of a demand upon the corporation is obvious and is sufficiently alleged. The first branch of the motion is denied.

In the instant complaint, plaintiff has alleged facts which occurred since the commencement of the action. Defendant Cook moves, pursuant to rule 103 of the Rules of Civil Practice, to strike out some of these allegations on the ground that plaintiff was given leave to serve an *amended* complaint, not a *supplemental* complaint. He argues on the authority of *Watson* v. *Consolidated Laundries Corp.* (235 App. Div. 234) that events which occurred after the commencement of the suit, even if alleged in a supplemental pleading, cannot excuse the failure to make a prior demand and are insufficient to validate a complaint which, without them, would be insufficient. The *Watson* case (*supra*) was decided in 1932, prior to the enactment in 1935 (L. 1935, ch. 486), of section 245-b of the Civil Practice Act, which specifically contemplates cases in which the complaint is validated by the facts alleged in the supplemental pleading.

But while the defendant may be in error with respect to the effect of a supplemental pleading, he is correct in his contention that leave to serve an amended complaint does not authorize the service of a supplemental complaint. (*Levbarg* v. *Travelers Ins. Co.*, 257 App. Div. 852.) The very sections of the Civil Practice Act dealing with supplemental pleadings specifically provide that an application for leave to serve them shall be made. (Civ. Prac. Act, §§ 245, 245-a, 245-b.) Accordingly, those paragraphs of the complaint which allege facts that occurred after the commencement of this action and to which defendant has objected will be stricken as hereinafter more specifically discussed.

Defendant's motion, pursuant to rule 103 of the Rules of Civil Practice, with respect to the first cause of action will be granted to the extent of striking from paragraph 15c of the complaint the language " who were removed as Directors after the commencement of this suit, at the direction of AGLAR COOK, and further, by reason of the control of the majority of the voting stock of said corporation by said AGLAR COOK, the said JOHN S. McQUADE and HERBERT D. STONE were replaced by MASON BRIT-

TON and FRANK O. TAYLOR, as nominees, designees and representatives of AGLAR COOK " and from paragraph 15f the language " and has since the commencement of this suit been discharged by the said defendant, AGLAR COOK, without just cause." Paragraphs 15j and 15k will also be stricken from the complaint as irrelevant.

That branch of the motion which seeks, pursuant to rule 102 of the Rules of Civil Practice, to make the allegations of paragraphs 15g, 103, 105 and 106 more definite and certain is denied. That branch of the motion, pursuant to rules 90 and 102 of the Rules of Civil Practice, directed to the fifth cause of action and specifically to paragraphs 36 and 37 thereof, is also denied. Defendant may obtain adequate relief by means of a bill of particulars.

The motion, insofar as it seeks to strike out, pursuant to rule 103 of the Rules of Civil Practice, paragraphs 56, 63, 101, 102, 116, 130, 132, 135, 136, 137, 138 and 142, is denied. While some of these allegations may be unnecessary they are not prejudicial. Subdivisions a, b and c of the seventh branch of the motion with respect to the fifteenth cause of action are denied.

The tenth branch of the motion is addressed to the eighteenth cause of action in which plaintiff has lumped together various unrelated allegations, many of which are repetitious of facts previously alleged in the seventh, ninth, tenth, thirteenth and fifteenth causes of action. The only new allegation is that Cook concealed bona fide offers for the purchase of the periodicals. This may be alleged as a separate cause of action. Under the alternative relief requested in subdivision b of this branch of the motion, paragraphs 146 and 149 will be stricken as repetitious. Paragraphs 147 and 148 are also repetitious and in addition contain matter which should be in a supplemental rather than in an amended complaint, but defendant has not moved to strike them out.

Plaintiff may serve an amended complaint in conformity with the views expressed herein within thirty days after the service of a copy of the order to be entered hereon, during which time he may well consider the advisability of moving for leave to serve a supplemental complaint. (*Doyle* v. *Chatham & Phenix Nat. Bank,* 219 App. Div. 522.) When drawing his amended or supplemental complaint, plaintiff would do well to incorporate in the paragraph dealing with the futility of a prior demand (paragraph 15 of the present complaint) the allegation presently found in the sixth cause of action, to the effect that four of the directors have been beneficiaries of the alleged wrongs.

Settle order on notice.