## (January 17, 1963)

■ THOMAS L. RENWICK, Individually and as Administrator of the Estate of RONALD L. RENWICK, Deceased, Respondent-Appellant, v. TOWN OF ALLEGANY, Appellant-Respondent, et al., Defendant.

MEMORANDUM BY THE COURT. The defendant-appellant's motion to dismiss under rule 107 of the Rules of Civil Practice was properly denied. However,

its motion to dismiss for failure to state a cause of action should have been granted. It appears on the face of the complaint that 30 days had not elapsed between service of notice under section 50-e of the General Municipal Law and the commencement of the action (General Municipal Law, § 50-i; *Thrall* v. *Cuban Vil.*, 88 App. Div. 410). The plaintiff made a cross motion to amend "and for such other further and different relief as to the court may seem just and proper." This motion was denied because the denial of the defendant-appellant's motion to dismiss made that relief unnecessary. Upon the cross motion plaintiff claims that the defendant-appellant was estopped from asserting the insufficiency of the complaint and had waived the right to do so. The plaintiff should have permission to set up facts alleging such waiver and estoppel in a supplemental pleading (Civ. Prac. Act, §§ 245, 245-b). For a discussion of the general principles of waiver and estoppel under somewhat similar circumstances see *Triple Cities Constr. Co.* v. *Dan-Bar Constr. Co.* (285 App. Div. 299, affd. 309 N. Y. 665).

HALPERN, J. (concurring). Wholly apart from the question of whether an estoppel can be made out under the circumstances of this case, I believe that the problem here presented may be solved by giving the plaintiff leave to serve a supplemental complaint pursuant to section 245-b of the Civil Practice Act, added by chapter 486 of the Laws of 1935. That section reads as follows:

"New or additional facts; how pleaded. Upon application by a party the court may in its discretion permit a party to serve a supplemental pleading to set up any facts which occurred after the commencement of the action, to the end that the litigation may be determined as of the time when the application for leave to supplement the pleadings is made.

"In the event that it shall appear that prior to the performance of the acts or occurrence of the events sought to be set up by the supplemental pleadings, the party did not have a sufficient cause of action or counterclaim against the adverse party and the defect or deficiency has been remedied or supplied the court may permit the adverse party to withdraw his defense to the action or counterclaim and to satisfy the claim without payment of any costs, disbursements or interest. In any case the court may impose such other terms as may be just and proper."

The section was designed to cover a situation of the very kind here involved. The purpose of the section was stated by the Commission on the Administration of Justice which recommended its adoption as follows: "The purpose of the proposed section 245-b is to carry over and apply to actions at law the principle governing equity actions, namely, that the plaintiff's right to recover should be determined as of the time of the trial. We do not believe that there is any good reason for the continuance of the rule that an action of law must be arbitrarily determined as of the date when the action was commenced. For example, if the plaintiff's claim was insufficient at the time of the commencement of the action because of failure to make a demand upon the defendant, the plaintiff ought to be permitted to plead and prove his subsequent performance of the omitted act, and to show that he was entitled to recover under the facts as they existed at the time of the trial. Suitable provision is made to permit the defendant to withdraw his answer and to satisfy the plaintiff's claim without payment of costs or interest, so that a defendant who relied for his defense upon a deficiency in the plaintiff's case which the plaintiff subsequently remedied will not be penalized for having justifiably interposed an answer." (N. Y. Legis. Doc. 1934, No. 50, p. 272; see, also, Second Annual Report of N. Y. Judicial Council, 1936, p. 15; Prashker, New York Practice [4th ed.], pp. 416–418.)

The deficiency in the cause of action as stated in the complaint was that 30 days had not elapsed between the time of the service of the notice upon the town under section 50-e of the General Municipal Law and the time of the commencement of the action, as required by section 50-i of the General Municipal Law. This defect was remedied by the lapse of time within a few days after the commencement of the action. If the plaintiff serves a supplemental complaint setting up this lapse of time, under section 245-b the sufficiency of the plaintiff's cause of action will be determined as of the time of the service of the supplemental complaint. As of that time, there will be no deficiency in the plaintiff's cause of action.

As indicated in the comment by the commission, the purpose of section 245-b was to extend to common-law actions the equity rule under which the court is authorized to decide the case in accordance with the facts as they exist at the time of the trial, and to do away with the rigid rule in common-law actions that the sufficiency of the cause of action must be decided as of the time of the commencement of the action. The section overrode *Watson* v. *Consolidated Laundries Corp.* (235 App. Div. 234 [1932]), which had held that a supplemental complaint could not give validity to an insufficient original complaint. The section makes it impossible for a defendant to take advantage of the Statute of Limitations in the way in which the defendant has sought to do in this case. A defendant cannot now gain any advantage by refraining from calling attention to a deficiency in the plaintiff's cause of action until the Statute of Limitations has run against the bringing of a new action, and then seeking a dismissal of the complaint because of the existence of the deficiency at the time of the commencement of the action, even though it had been cured by subsequent events or by the subsequent lapse of time. Under section 245-b, this type of maneuver may be met by serving a supplemental complaint in the pending action, setting up the subsequent events or lapse of time (*McQuade* v. *Cook,* 193 Misc. 435, 437; 4 Carmody-Wait, New York Practice, pp. 597–598).

Section 50-i of the General Municipal Law is intended to give the municipality 30 days in which to decide whether it desires to pay or adjust the claim prior to the commencement of suit thereon. Under the second paragraph of section 245-b, if the municipality had not had its full 30 days at the time of the commencement of the action, the municipality would have the necessary additional time after the commencement of the action in which to decide whether to pay the plaintiff's claim. If it decided to do so, it would have the right to satisfy the plaintiff's claim without the payment of costs or disbursements and thereupon to procure a dismissal of the action. In this case, there was obviously no intention on the part of the municipality to pay the plaintiff's claim without litigation at any time. Therefore there is no occasion for calling into operation this provision of section 245-b.

I therefore concur in the granting of leave to the plaintiff to serve a supplemental complaint.

Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

Order unanimously reversed, without costs of this appeal to any party, and defendant-appellant's motion granted, without costs, with leave to the plaintiffs to serve amended and supplemental complaint within 30 days after the date of the order herein. [34 Misc 2d 461.]