■ JACK E. WIDGER, Respondent, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF ELLICOTTVILLE, GREAT VALLEY, EAST OTTO, FRANKLINVILLE, HUMPHREY and MANSFIELD et al., Appellants.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: This appeal is from an order denying a motion made by all of the defendants which sought the dismissal of three causes of action set forth in a second amended complaint and also granted on cross motion of the plaintiff affirmative relief by finding the notice of claim filed by the plaintiff was adequate and sufficient to comply with section 50-e of the General Municipal Law and section 3813 of the Education Law and further determining that none of the causes of action should be dismissed because commenced within 30 days after filing the notice of claim. The three causes of action set forth in the second amended complaint will be considered separately. The first is one styled in prima facie tort and is against all of the defendants. This case has been before us earlier on an appeal from the dismissal of an amended complaint in a motion for summary judgment (*Widger* v. *Central School Dist. No. 1*, 20 A D 2d 296). At that time we considered and passed upon the causes of action set forth. An almost identical cause of action was set forth in the amended complaint as the one we now consider. We concluded then as we do now that as to the individual defendants a cause of action in prima facie is sufficiently stated. As to this cause of action against the school district it is clear the notice of claim was dated May 22, 1963 and presumably served and filed on that day. It is conceded the summons and complaint were served on May 23, 1963. It is alleged "that more than thirty days has elapsed since the service of said notice of claim". It is urged this allegation coupled with the passage of time cures the defect pointed out in our earlier determination. To support this position plaintiff relies on *Renwick* v. *Town of Allegany* (18 A D 2d 877) decided in this court. This reliance is misplaced. The majority of this court in *Renwick* held that the mere passage of time alleged in a supplemental pleading did not comply with the mandate of section 50-i of the General Municipal Law as to an allegation of 30 days having elapsed after the filing of a claim before the commencement of the action. (See, also, *Cochrane* v. *Town of Gates*, 18 A D 2d 1048.) For this reason this cause of action against the school district should be dismissed. In addition the notice of claim states it is for a breach of contract and abuse of process. This claim can in no way be interpreted as one which puts the school district on notice that an action for prima facie tort was contemplated. In his cross motion the plaintiff sought in the alternative permission to amend the notice of claim if it was found inadequate. Subdivision 6 of section 50-e of the General Municipal Law allows for formal corrections but certainly not substantive changes such as this. In our view it would be an abuse of discretion to permit such an amendment. The second cause of action is for breach of contract against the school district only. Clearly the notice of claim included such an action. However subdivision 1 of section 3813 of the Education Law requires an allegation that 30 days have elapsed between the filing of the claim and the commencement of the action. As in the first cause of action the plaintiff relies on an allegation that the 30 days have elapsed (i.e., the mere passage of time) as being sufficient. This is not so as we have pointed out and this cause of action should also be dismissed. The third cause of action is against the individual defendants only

for alleged tortious interference with contractual rights. In our earlier determination we called attention to certain defects in this cause of action as then pleaded. Permission to replead was granted. This cause of action as now pleaded in the second amended complaint states a cause of action. The order of Special Term should therefore be modified by dismissing the first and second causes of action against the school district and by reversing the determination that the notice of claim is adequate and sufficiently complies with section 50-e of the General Municipal Law as to the first cause of action and also by reversing the determination that the causes of action against the school district should not be dismissed because the action was commenced before the expiration of 30 days after filing the notice of claim and as so modified the order should otherwise be affirmed. As we said in the earlier appeal we do not reach or pass upon the theory of damages alleged by the plaintiff with respect to the causes of action sustained. (Appeal from order of Cattaraugus Special Term denying defendants' motion to dismiss causes of action in amended complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.