Chief Judge Cooke
(dissenting). There should be an affirmance for the reasons set forth in the excellent analysis of Mr. Justice James D. Hopkins who wrote for a unanimous Appellate Division. In response to the majority opinion, a few remarks are added.
True, the "business judgment rule” is potentially applicable *637 in these circumstances. But this case differs markedly from the typical situation in which that rule would be invoked. Here, the alleged wrongdoers are directors of the corporation. Of course, it would be most inappropriate to allow these interested directors to vote to preclude a shareholder’s suit and thereby insulate themselves from liability (see Koral v Savory, Inc., 276 NY 215, 217-218; see, also, United Copper Co. v Amalgamated Copper Co., 244 US 261, 263). Hence, the lawsuit should be terminated only if a sufficient number of disinterested directors (cf. Business Corporation Law, § 713; Rapoport v Schneider, 29 NY2d 396, 402), in this case the special litigation committee, rendered a good faith, " 'unprejudiced exercise of judgment’ ”, determining that maintenance of the action would not be in the best interests of the corporation (see Koral v Savory, Inc., supra, at p 217).
Since the continuation of the suit is dependent, in large measure, upon the motives and actions of the defendants and the special litigation committee, and since knowledge of these matters "is peculiarly in the possession of the defendants themselves”, summary judgment should not be granted prior to disclosure proceedings (Terranova v Emil, 20 NY2d 493, 496-497). That the intervenor has not proposed potentially fruitful areas for disclosure should not, contrary to the majority holding, be determinative (see Udoff v Zipf, 44 NY2d 117, 122). It is precisely because certain defendants and the members of the committee are possessed of exclusive knowledge of the facts that the intervenor is now unable to suggest the possible avenues which might successfully be pursued upon pretrial disclosure. And it is for this reason that we have formulated a rule precluding a grant of summary judgment where the case is likely to turn on "knowledge in the possession of the” moving party (e.g., Udoff v Zipf, 44 NY2d 117, 122, supra; Terranova v Emil, supra, at p 497; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.18). No reason can be discerned for denying application of that rule at this early stage in these obvious circumstances. The result of the majority ruling is to place the intervenor in a classic "Catch-22” situation, denying him disclosure because he has not come forward with facts — facts which by their very nature are discernible only after disclosure.
In sum, to deny the intervenor an opportunity for pretrial disclosure is to mistakenly group this case with the typical case involving the business judgment rule. Since the business *638 judgment rule is only conditionally applicable here, and since certain defendants as well as the members of the special litigation committee have the sole knowledge of the facts upon which its applicability turns, summary judgment should be withheld pending disclosure proceedings. The result reached by the majority not only effectively dilutes the substantive rule of law at issue, but may also render corporate directors largely unaccountable to the shareholders whose business they are elected to govern.
Judges Jasen, Wachtler, Fuchsberg and Meyer concur with Judge Jones; Chief Judge Cooke dissents and votes to affirm in a separate opinion; Judge Gabrielli taking no part.
Order modified, with costs to defendants, in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the negative.