OPINION OF THE COURT
Nicholas A. Clemente, J.
Plaintiffs move to strike defendant’s affirmative defense herein that the action was prematurely commenced prior to a hearing pursuant to section 50-h of the General Municipal Law.
The defendant, however, has never interposed an affirmative defense premised upon section 50-h. Accordingly, plaintiff’s motion is denied.
Defendant recognizing plaintiffs’ misapprehension cross-moves for an order accelerating its affirmative defense to dismiss plaintiffs’ complaint as fatally defective under section 50-i of the General Municipal Law, in that the action was, in fact, commenced within 30 days after the filing of the notice of claim (despite allegations in the complaint to the contrary).
Initially a notice of claim was served on February 19, 1982, claiming that on January 25,1982, plaintiff Virgillo Torres tripped and fell at Avenue C and 6th Street in New York County. Thereafter a summons and complaint was served on March 10, 1982.[1] Paragraph 9 of that complaint *108 alleges that more than 30 days have elapsed since service of said claim and the defendant has refused to adjust said claim.
Defendant City of New York (City) in paragraph 1 of its answer served on May 26, 1982, “Denies each and every allegation contained in paragraphs designated * * * 9”. In paragraph 3 of its answer, however, it “Denies each and every allegation contained in paragraphs designated 8,10, 11 and 12 except that on or about the 19th day of February, 1982, a notice of claim of Virgilio Torres was presented to the Comptroller of the City of New York, and that more than thirty (30) days have elapsed since such presentation and that no adjustment thereof has been made”.
Then, “as and for a first affirmative defense” the defendant alleges that “This action was commenced prematurely as to the time specified in section 50-i of the General Municipal Law”.
Subdivision 1 of said section 50-i provides as follows: “No action or special proceeding shall be prosecuted or maintained against a city * * * for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city * * * or of any officer, agent or employee thereof * * * unless, (a) a notice of claim shall have been made and served upon the city * * * in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.”
Defendant in seeking dismissal of plaintiff’s complaint relies upon Andersen v Long Is. R. R. (88 AD2d 328, affd 59 NY2d 657), contending that failure to comply with the statutory 30-day requirement is fatal to this action.
*109 Interestingly, in that case, Mr. Justice Brown noted that there are exceptions to the requirement that 30 days must elapse without adjustment of the claim before an action is commenced. Thus, he states: “However, in Fleming, plaintiffs’ failure to comply with this requirement does not necessarily mandate dismissal of their complaint. Rather, on the facts of said case, there exists a question as to the applicability of the doctrine of equitable estoppel which must first be resolved.” (Andersen v Long Is. R. R., 88 AD2d 328, 341, supra.)
This is consistent with long-established precedents (Widger v Central School Dist. No. 1, 18 NY2d 646, revg 23 AD2d 811; Di Bartolo v City of New York, 293 NY 114; Renwick v Town of Allegany, 18 AD2d 877).
The facts of DiBartolo (supra), are of special interest here. In DiBartolo a notice of claim was served on October 4, 1941. A Comptroller’s examination of the plaintiff was adjourned from October 29, 1941 to January 7, 1942, with the stipulation that the adjournment is without prejudice to the Comptroller’s right to adjust the claim within the same time period after such examination is held as the Comptroller had from the date set originally for such examination and that no action be brought during such period of time.
On December 13, 1941, plaintiffs served their summons and complaint upon the City. The City answered on December 24, 1941, and later served an amended answer verified January 8,1942. During this period the Comptroller’s examination of plaintiff set for January 7, 1942, was adjourned to March 4, 1942, upon the same conditions as stated previously.
The complaint alleged that the Comptroller refused to adjust the claim. The City in an amended answer, similar to the one at bar, denied that allegation but stated that a notice of claim had been received and no adjustment thereof made.
So it was that on October 29, 1941, the Comptroller had five days left of the statutory 30 days within which to adjust the claims and that plaintiffs could not have commenced their action until these five days had elapsed. It was the City’s position, therefore, that pursuant to the *110 stipulation it had five days after January 7, 1942 and March 4, 1942, within which to adjust the claim and that commencement of the action prior to March 9, 1942, was premature.
The court rejected this contention stating the following: “True, at the time of the first stipulation, the City still had five days within which to adjust the claims before an action could be commenced. It is also true that on January 7, 1942, when the examination was further adjourned, the City still had five days from the date to which the examination was adjourned. But one day later, on January 8, 1942, when the City verified its amended answer, it admitted that notices of claim and of intention to sue had been presented to the Comptroller for adjustment ‘and that no adjustment thereof has been made’ That was in connection with its amended answer to paragraphs ‘Eighth’ and ‘Fifteenth’ of the complaint in which it was alleged that the Comptroller had neglected and refused to make adjustment or payment of the claims. It seems to us that that was a clear concession, for the purpose of pleading and trial, that the thirty-day period had expired and that the Comptroller had neglected and refused to make an adjustment or payment during that period. Thereafter an examination of the plaintiffs was conducted by the Comptroller on March 4, 1942, orally as to both plaintiffs and in addition by the Medical Examiner as to the plaintiff wife, more than eleven months before the trial, and no suggestion of adjustment or payment was subsequently made by the Comptroller. The plaintiffs were justified in assuming that the question now raised was out of the case. Had the City desired to rely on the stipulation of the parties to establish that the action was prematurely commenced, the special agreements so relied upon should have been pleaded as an affirmative defense. (Civ. Prac. Act, § 242.)” (Di Bartolo v City of New York, 293 NY 114, 118, supra.)
Similarly, in Widger v Central School Dist. No. 1 (supra), the court held that the serving of an amended complaint after the 30-day demand without adjustment period had elapsed obviated the prematurity of the original complaint. Finally, in Renwick v Town of Allegany (supra), the court also recognized the applicability of the doctrines of waiver *111 and estoppel to the 30-day demand without adjustment period.
While the defendant herein has pleaded an affirmative defense, nevertheless, it is apparent that defendant’s conduct at bar should result in an estoppel. In its answer it concedes in one place that there has been compliance with section 50-i of the General Municipal Law, while in another portion it denies same.
Bearing in mind that the defendant is seeking to take advantage of a point of procedure, it seems quite fair that it should be held to that portion of its answer most disadvantageous to it.
In reaching the conclusion that defendant’s cross motion should be denied, it is of no small significance to me that the underlying purpose of section 50-i has been satisfied here.[2]
The legislative purpose in enacting section 50-i was to afford the municipality an opportunity to conduct a preliminary investigation and adjust the claim without incurring the added expense of legal costs if it deemed the claim meritorious (cf. Andersen v Long Is. R. R., supra, p 339). At bar, it is clear that defendant has no intention of adjusting the claim and never did since they had not 30 days but close to two years to do so without acting. Thus, there has been no conceivable prejudice to defendant. To now adopt its contentions and dismiss the complaint would condone conduct which seeks to profit from innocent error.
The motion and cross motion are denied.

. The action was commenced in Kings County, but no motion has been ever made pursuant to CPLR 504 (subd 3) for a change of venue.

. In any event, if I did not conclude that a finding of estoppel was warranted, I would permit plaintiffs to serve an amended complaint which could now accurately reflect that more than 30 days have elapsed without settlement of the claim as was done in Widger (supra).