■ MANUEL BRAVO et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Hyman, J.), dated May 1, 1985, which, upon granting the defendant's motion to dismiss and denying the plaintiffs' motion to amend the complaint, dismissed the complaint.

Judgment reversed, with costs, the defendant's motion to dismiss denied, the plaintiffs' motion to amend their complaint granted, the complaint is deemed to be amended to allege that at least 30 days has elapsed since service of the notice of claim and that adjustment or payment thereof has been neglected or refused, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Contrary to Trial Term's determination, we find that the plaintiffs' notice of claim, which indicated that the accident was allegedly caused, *inter alia,* by repair debris negligently left in the roadway by the employees of the defendant, and which allegedly occurred "on 162nd Street between Laburnum and Oak Avenues, in the vicinity of 47-24 162nd Street, Queens, New York", was sufficiently particular to withstand the defendant's motion to dismiss the complaint on this ground *(see, Sweeney v City of New York,* 225 NY 271; *Beyer v City of N. Tonawanda,* 183 NY 338).

The plaintiffs' notice of claim, which described the street, cross streets, and the particular location in the roadway with reference to a particular street address, was adequate to enable the defendant to locate the defect and investigate the claim.

In addition, Trial Term erred in refusing to grant the plaintiffs' motion to amend their complaint to plead the necessary compliance with General Municipal Law § 50-i (1)

(b), to wit, that 30 days have elapsed since the service of the notice of claim and that adjustment or payment thereof has been neglected or refused. The defendant, by its answer, specifically conceded that a notice of claim had been presented to the Comptroller of the City of New York, that more than 30 days had elapsed since such presentation and that no adjustment thereof had been made. Accordingly, the plaintiffs' complaint should be deemed amended to allege that more than 30 days have elapsed from the service of the notice of claim and that adjustment or payment thereof has been neglected or refused (see, Di Bartolo v City of New York, 293 NY 114, 118, rearg denied 293 NY 756; Torres v City of New York, 123 Misc 2d 107; cf. Fitzgibbon v County of Nassau, 112 AD2d 266).

Finally, the defendant's contention, raised for the first time on appeal, that the plaintiffs' complaint should have been dismissed because it did not allege compliance with Administrative Code of the City of New York § 394a-1.0 (d) (2) is not properly before this court for its consideration (see, Mastronardi v Mitchell, 109 AD2d 825, 828). Moreover, since the record indicates that the plaintiffs might have been able to offer proof to support a claim that such an allegation was not required under the circumstances of this case (see, Klimek v Town of Ghent, 114 AD2d 614; Haviland v Smith, 91 AD2d 764; cf. Waring v City of Saratoga Springs, 92 AD2d 1080), this court should not and will not consider the issue (cf. Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757, 758). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.